# Cramp's Appeal.

1. Administrators sold real estate by order of the Orphans' Court for the payment of debts; they charged themselves with the proceeds; an auditor after notice by advertisement reported distribution amongst creditors, which was confirmed and the administrators paid accordingly. A creditor who had not been before the auditor afterwards made affidavit that he held the first lien, and had not known of the report till after it was filed. The court recommitted the report and allowed the affiant his claim. *Held* to be error.

2. A bill of review under the Act of October 13th 1840, is founded on an error of law appearing on the record, or newly-discovered evidence.

3. The petition must set forth specifically the error complained of, and that the balance has not been paid by the accountant.

4. Administrators are not in default in not searching for liens against real estate of the decedent sold by them for payment of debts.

5. Russell's Appeal, 10 Casey 258; Yeager's Appeal, 10 Casey 173, followed.

[Cramp's Appeal.]

February 9th 1876.    Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Orphans' Court of *Philadelphia :* Of January
Term 1874, No. 331.    In the estate of Anna B. Cramp, deceased.

William G. Cramp and Charles D. Cramp, administrators, &c.,
of the decedent, filed an account of their administration, which
was referred to W. H. Sutton, Esq., to audit, &c., and report dis-
tribution.    The auditor sat on the 21st of December 1869, to hear
the case, after due notice published in a newspaper of the city of
Philadelphia.    There were present on that day and at four subse-
quent sittings a number of parties interested as creditors.    On
the 4th day of February 1870, he made a report distributing the
whole fund amongst creditors.    No exceptions were filed to his
report and it was confirmed absolutely, February 19th 1870.    On
the 24th of September in the same year, James Holgate presented
to the Orphans' Court his affidavit, setting forth that the
"accountants sold real estate against which deponent had a first-
recorded lien, in the sum of $601.19, with accrued interest and
costs, and debited themselves with the proceeds ; that said account
was referred to W. Henry Sutton, Esq., as auditor, who has filed
a report, distributing said fund, without searches and without
regard to the lien of deponent ; that said sale and account and
report of the auditor has recently become known to deponent, and
not until the same was filed."

The Orphans' Court thereupon issued a citation to the adminis-
trators, to show cause why the confirmation of the auditor's report
should not be set aside and recommitted to the auditor.

To this citation the administrators answered : " That the said
auditor gave due notice of his appointment, and of the time and
place at which he would meet the parties interested in said estate ;
that at said time and place, and at sundry other meetings before
him, the creditors of the estate appeared and proved their claims ;
that the auditor's report upon the account of these respondents
and of distribution of the balance in their hands was filed on the
4th day of February 1870, and confirmed absolutely on the 19th day
of February 1870 ; whereupon these respondents proceeded to and
did distribute all of said estate in their hands, in accordance with
the auditor's report of distribution, long before the above-men-
tioned citation was issued ; and that at the time said citation was
issued these respondents had none of said estate in their hands,
but the said estate had then been fully administered upon the faith
that said report was fully confirmed."

In delivering the opinion of the Orphans' Court in the case,
Peirce, J., said :—" * * * The lien filed was record notice of
the petitioner's claim, and, by force of law, was equivalent to
actual notice to them.    It was their duty to retain funds to pay it,
if not disputed, and at all events to retain sufficient funds to answer

[Cramp's Appeal.]

the demand if it should be established. If from indifference or a want of knowledge of their duty they did not have the records searched to see what liens were against the property they sold, the lien-creditor is not to suffer; the fault is their own, and if there be loss, the loss should be theirs. They cannot protect themselves by the fact that the distribution was made under direction of the Orphans' Court. It was their duty to make known to the court, as required by Act of Assembly, this claim and all other claims of which they had either legal or actual notice, and if they had done so, the court would have seen that the rights of the creditor were protected.

"By the Act of 29th March 1832, section 19, whenever there shall not be sufficient assets to pay all the debts of a decedent, it shall be the duty of the Orphans' Court to appoint auditors to adjust the assets among the respective creditors, according to the order established by law, with a proviso that no creditor, who shall neglect or refuse to exhibit his account to the executor or administrator, within twelve months after public notice, as prescribed by the act, shall be entitled to receive any dividend of the remaining assets. But the respondents cannot avail themselves of this act, because they had what the law regards as notice of the claim, and they chose to permit distribution to be made without giving notice to the auditor or court of the claim, and protecting it as was their duty. Both of the foregoing acts clearly point out that it is the duty of the executor or administrator to make known to the court the claims against the decedent's estate. It follows, as a consequence, that the accountants cannot protect themselves by the fact that the distribution was made under the direction of the court, after a confirmation of the auditor's report, when they failed in their duty of having presented to the court or its auditor a statement of the demand, of which they had legal notice. *  *  *

"The order asked for in this case will be made."

In his report upon the recommitment, the auditor said:—

"* * * That, conceiving the opinion of Judge Peirce to be binding upon him, notwithstanding the fact that petitioner had due notice, in accordance with the rule of court, of the appointment of the auditor and of a meeting to audit, settle, and adjust the account of said administrators and report distribution of balance, and notwithstanding the fact that the report of the auditor had been confirmed and distribution actually made about one year before the petition in this case was filed, he called before him the counsel of the parties, &c."

[The auditor then reported the facts as to Holgate's claim.]

"Under the opinion of Judge Peirce the auditor thinks he has no discretion, and conceives it to be his duty, contrary to his own convictions, to redistribute the fund. It was, indeed, suggested that as the accountants had distributed the money before the order

[Cramp's Appeal.]

to recommit had been made, there could be no distribution of the proceeds other than that which had already taken place; but as such distribution was set forth in the answer to the petition, and not deemed by the court a bar, I must proceed in this case as if no distribution had taken place, leaving the accountants to proceed against the distributees to refund so much as may be required."

He then made a distribution, allowing Holgate's claim as a lien in full, and awarding to the other creditors about fifty-five per cent. of their claims.

The administrators filed the following exceptions to the supplemental report:—

1. The reference back to the auditor of his original report was unwarranted in law.

2. The supplemental report and redistribution of the estate is unwarranted in law.

3. The auditor has awarded to Holgate the amount of his claim.

The Orphans' Court dismissed the exceptions and confirmed the second report.

The administrators appealed to the Supreme Court and assigned errors as follows:—

1. Referring the report of the auditor back to him to let in the claim of James Holgate, after said report had been confirmed absolutely and distribution had been made in accordance with its directions.

2. Ordering a redistribution of the assets of the estate of Anna B. Cramp, deceased, after having previously decreed a distribution, which had been made in pursuance of said decree before redistribution was asked for.

3. Decreeing that the accountants should pay the claim of James Holgate, after they had distributed the assets in their hands, in obedience to an absolute decree of said court.

*W. S. Price*, for appellants.—In a petition for review in the Orphans' Court, it is indispensably necessary that it be alleged in the petition that the balance found due by the decree sought to be reviewed has not been paid over by the accountant: Russell's Administrators' Appeal, 10 Casey 258. Here the balance has been paid out bonâ fide. He referred also to Stevenson's Appeal, 8 Casey 318.

*D. W. Sellers*, for Holgate, appellee.

Mr. Justice GORDON delivered the opinion of the court, February 21st 1876.

On the 19th of November 1869, the final account of the appellants, administrators of the estate of Anna B. Cramp, deceased, was

[Cramp's Appeal.]

referred to William H. Sutton, Esq., for settlement and distribution. The auditor made report, filed February 4th 1870, finding a balance in the hands of the accountants of $1514.41, and distributing the same among certain creditors and others as therein set forth. This report was confirmed finally and distribution ordered February 18th 1870, and, in pursuance to this decree, the money in the hands of the administrator was paid over to the persons thereto entitled. On the 16th of September following, James Holgate filed an affidavit, setting forth "that the above-named accountants sold real estate against which deponent had a first recorded lien in the sum of $609.19, with accrued interest and costs, and debited themselves with the proceeds; that said account was referred to W. H. Sutton, Esq., as auditor, who has filed a report distributing said fund without searches, and without regard to the lien of said deponent; that said sale and account and report of the auditor has recently become known to deponent, and not until the same was filed."

Upon this paper a citation was awarded against the appellants to show cause why the confirmation of the auditor's report should not be set aside and their account recommitted. To this the administrators made answer, setting forth the facts substantially as as heretofore stated. After hearing, the court set aside the report and decree and recommitted the account. The auditor then, in obedience to the order of the court, though protesting that it was contrary to his own convictions, made his second report, finding that the city of Philadelphia, to the use of Joseph Holgate, had a lien against the property sold, and from which the fund for distribution arose, for paving, entered in the District Court, to March Term 1867, and applying the sum of $601.19 to the extinguishment thereof. Exceptions to this report were duly filed, were dismissed and the report confirmed. From this action of the court the administrators have appealed, and thus the case is now before us.

Under the Act of October 13th 1840, section 1, Pamph. L. 1, the judges of the Orphans' Court, at any time within five years after final decree confirming the original or supplemental account of any executor, administrator or guardian, upon petition of review being presented by any person in interest, "alleging errors in such accounts, which errors shall be specifically set forth in said petition of review, and said petition and errors being verified by oath or affirmation, shall grant a rehearing of so much of said account as is alleged to be error in said petition of review, and give such relief as justice and equity may require." "Provided, this act shall not extend to any cause where the balance found due shall have been actually paid and discharged by an executor, administrator or guardian."

On this statute it was ruled in Yeager's Appeal, 10 Casey 173, that the bill of review is in the nature of a new suit founded on

[Cramp's Appeal.]

some substantial error of law appearing on the record of the former case, or on newly-discovered evidence ; that the petition must set forth specifically the error complained of; that a decree settling an account decides every item of it and fixes the balance; that the office of a bill of review, in such case, is to surcharge and falsify, and in order to be entertained at all it must specify the erroneous items affecting the final result and must support its averments by evidence.   In the same book, Russell's Appeal, p. 258, the same doctrine is repeated, with the addition, that it is necessary to allege in the bill, that the balance found due by the decree sought to be reviewed, has not been paid over by the accountant.

Judged by the statute and these decisions, the application of Holgate is found utterly wanting.   It is in the form of an affidavit, and concludes without a prayer for anything.   It complains of no mistake in the account, but alleged only a default on the part of the auditor in not making search for liens ; a default, if one it be, which surely should not be visited upon the accountants ; neither does it set forth what the act requires, if a review is to be granted, that the balance found due by the decree was not paid out by those charged with its distribution.

As, then, this application was wanting in the essential features of a bill of review, the court below should have refused to entertain it.

And now, February 19th 1876, the decree of the Orphans' Court of the city and county of Philadelphia, of March 3d 1874, confirming the auditor's report of November 7th 1873, is reversed and set aside, together with that report, and the report filed February 4th 1870 is now restored and confirmed ; the application of the appellee for a review is dismissed, and it is ordered that he pay all costs accruing under said application, and the costs of this appeal.