# Punxsutawney Iron Company *v.* Fort Pitt Malleable & Grey Iron Company, Appellant.

*Contract—Affidavit of defense—Practice, C. P.—Averment on belief.*

In an action of assumpsit on a contract an affidavit of defense averring that the contract had been cancelled by plaintiff's agent, is sufficient to prevent judgment, if the affiant uses the words "believes and says" in averring the agency, and then gives in detail the facts and circumstances relating to the course of dealing between the parties through the alleged agent, specifically stating that the agent had the authority to cancel the contract, and did cancel it, and concluding with the averment that all of the facts set out in the affidavit are "true and correct."

Argued Oct. 24, 1906. Appeal, No. 67, Oct. T., 1906, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1904, No. 1,162, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Punxsutawney Iron Company v. Fort Pitt Malleable & Grey Iron Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Assumpsit for breach of contract of sale.

The material portion of the supplemental affidavit of defense was as follows:

At all times defendant transacted all business with plaintiff through Rogers, Brown & Company of Pittsburg, and all matters in relation to said contract were taken up with them and defendant had no business relations with the plaintiff whatsoever, and defendant believes and says that the said

Rogers, Brown & Company were the agents for the said Punxsutawney Iron Company with full authority to conduct all business transactions for them, including the making and entering and canceling of all contracts and any other business whatsoever in relation to said contract.

That during the time of the delivery of the aforesaid iron defendant would have received all iron according to its contract, attached to plaintiff's statement of claim, but plaintiff, through its duly authorized agents, Rogers, Brown & Company, requested defendant not to sell the iron which defendant was receiving from them because defendant was underselling them and undermining the market price of the grade of iron covered by said contract, and that if said defendant would cease selling the said iron it, the said plaintiff, would cancel and discharge the said defendant from all liability under said contract, and upon which this suit is brought.

Affiant says that on the morning of May 2, 1903, Guy M. Bassett, representing Rogers, Brown & Company, the agents of the plaintiff, as aforesaid, in all business transactions with defendant; on said date and time plaintiff, through said Guy M. Bassett, agreed with defendant, in a telephone conversation at that time, that in consideration of defendant agreeing to make no further sales of said iron purchased under the contract he would, representing the plaintiff as aforestated, divert the iron under said contract and cancel the contract and discharge the defendant from all liability thereunder. Defendant agreed to this proposition as stated, and did not sell any of the aforesaid iron. The next day, to wit: May 3, 1903, defendant received a letter dated May 2, 1903, signed by the said Guy M. Bassett, and attached to plaintiff's statement of claim, and says that notwithstanding said letter neither the said Bassett or defendant paid any further attention to the contract. About two months thereafter, to wit: in July, 1903, the price of said iron had gone down below the contract price, to wit: to $18.00 per ton, and the said Rogers, Brown & Company, by the said Bassett, informed defendant that they would hold them to the terms of the contract.

By reason of the premises defendant says it is not liable to the plaintiff in any sum whatsoever and that the cancellation of the contract, as made by the said Bassett, representing the

434        IRON CO. *v.* IRON CO., Appellant.

said plaintiff, canceled the contract and discharged defendant from all liability thereunder.

All of which defendant says is true and correct.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Edmond Englert*, of *Burleigh, Gray & Challener*, for appellant, cited : Keffer v. Robinson, 2 W. N. C. 689.

*W. D. N. Rogers*, with him *O. S. Richardson*, for appellee, cited : Rafferty v. Haldron, 81* Pa. 438 ; Lance v. Deacon, 39 Legal Int. 178 ; Winsor v. Nat. Bank, 81* Pa. 304 ; Boothe v. Alexander, 4 W. N. C. 492; Weld v. Barker, 153 Pa. 465; Newbold v. Pennock, 154 Pa. 591.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907 :

Judgment having been entered in the court below for want of a sufficient affidavit of defense this appeal was taken for the purpose of testing the correctness of that ruling. The plaintiff company relies on a contract in writing, for the sale and delivery to the defendant, at different times, a certain amount of pig iron upon the terms specified in said agreement. There was partial delivery and payment in full for the amount so delivered. The defendant, alleging a cancellation of the contract, refused to take the balance of the pig iron to be delivered according to the terms of the contract. This action was brought to recover damages for the alleged breach on the ground that there had been no authorized cancellation of the contract. The original and supplemental affidavits of defense aver a cancellation and set out in detail the time, place and manner when and where made. The averment is that the cancellation of the contract was made through the authorized agent of the plaintiff. The court below did not state any reason for holding the affidavits of defense to be insufficient, but the learned counsel for appellee rely on Weld v. Barker, 153 Pa. 465 ; and Newbold v. Pennock, 154 Pa. 591, to support their contention that the averment of the agency of Rogers, Brown & Company and their authority to cancel the contract did not meet the legal requirements in such cases. In the

latter case it was said that if the affiant cannot state the facts upon which he relies to defeat a recovery, of his own knowledge, that it is the best legal form to say that he "is informed and believes and expects to be able to prove" the facts at the trial of the cause.   It was further suggested that the defendant or his counsel who departed from this approved form and undertook to establish another which he may think is a full equivalent, does so at his own risk.   It, however, was not decided in that or any other case that it was an unbending requirement to use the words "is informed, believes and expects to be able to prove," in an affidavit of defense, when affiant cannot state the facts of his own knowledge, although it is always wise to follow the approved form.   In the present case the affiant uses the words "believes and says" in averring the agency and then gives in detail the facts and circumstances relating to the course of dealing between the parties through the alleged agent, specifically stating that the agent had the authority to cancel the contract, and did cancel it and concluded with the averment that all of the facts set out in the affidavit are "true and correct."   This is sufficient to put the parties on their proof.   It may be that upon a trial of the cause when the evidence has been produced it would be the duty of the court to say as a matter of law that sufficient authority had not been shown in the alleged agent to cancel the contract, but that question cannot arise at this stage of the proceeding.

Judgment reversed with a procedendo.