# Dox's Estate.

*Decedents' estates—Executors and administrators—Practice, O. C.— Review of accounts.*

A petition for a review of an executor's accounts is only granted as of right for error on the face of the record or new matter arising after the decree of confirmation, or as a matter of grace for new proofs discovered after the decree which could not have been obtained before.

Argued Feb. 22, 1910. Appeal, No. 9, Jan. T., 1910, by Eugene Frantz, surviving joint-petitioner, from decree of O. C. Lackawanna Co., No. 55 of 1904, dismissing petition for review of the account of M. J. Martin, executor in Estate of Mary Augusta Dox. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Petition for review of an executor's accounts. Before SANDO, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the decree dismissing the petition.

*Samuel B. Price*, with him *James E. Davis* and *Cole B. Price*, for appellant.

*Ralph W. Rymer*, with him *John P. Kelly*, for appellee.

PER CURIAM, March 28, 1910:

This appeal is from an order dismissing a petition for a review of the account of an executor. The appellant was a legatee to whom, in the distribution account, certain bonds were set apart in payment of his legacy. This was done in pursuance of a power given the executor by the will. The petition for review was filed a year after the final confirmation of the executor's account and the distribution account filed with it, and after distribution had been made of all other assets of the estate. The appellant had notice by advertisement and personally of the filing of the accounts and had full opportunity to object to them. Under this state of facts he had no standing as of right to a review. There was no error on the face of the record, or new matter that had arisen after the decree of confirmation: LeMoyne's App., 104 Pa. 321. He had no standing as a matter of grace because of new proofs discovered after the decree which could not have been obtained before.

The order is affirmed at the cost of the appellant.