THOMAS D. QUINCY *vs.* EDWARD R. BLANCHARD.

APRIL 24, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Bills and Notes.   Statute of Limitations.   New Promise.*

In order to remove the bar of the statute of limitations it must be shown that remittances by the debtor were made with the intention of having them applied to the payment of the indebtedness, and the mere endorsement of payments on the back of a note by the payee is insufficient as evidence of a new promise.

*(2) Pleading. Statute of Limitations. New Promise.*

To the plea of the statute of limitations plaintiff replied "that the defendant did within six years next before the commencement of the suit undertake and promise," etc.

*Held*, that the replication was sufficient to set forth a new promise and plaintiff was entitled to offer such evidence of a new promise as might otherwise be properly admitted.

*(3) Statute of Limitations. New Promise. Evidence.*

In an action upon a promissory note where plaintiff relied upon a new promise in bar of the statute of limitations, a letter sent more than six years before the commencement of action would not be evidence of a new promise to pay the balance claimed to be due in the action since such new promise would also have become barred by the statute, but might be admissible as tending to fix the amount due on the note and useful in construing the later correspondence relied upon to show the new promise.

*(4) Statute of Limitations. New Promise.*

Whether or not a new promise in bar of the statute of limitations can be reasonably implied from correspondence is a question of fact for the jury.

*(5) Charge of Court. Exceptions.*

The action of the trial court in reading from a reported case, in charge to the jury, was not prejudicial to appellant.

ASSUMPSIT. Heard on exceptions of defendant and overruled.

VINCENT, J. This is an action on a promissory note given by the defendant to the plaintiff on January 2, 1888, for the sum of $300. The defendant pleaded the statute of limitations. The plaintiff filed a replication, which the defendant claims is simply a traverse of his plea, not setting up specifically a new promise within six years. The action was originally brought in the District Court of the Sixth Judicial District, by writ dated May 1, 1909, to recover the amount of the note and interest. No evidence was there offered on the part of the defendant and a decision was rendered for the plaintiff for $458.96 and costs. The defendant claimed a jury trial and in the Superior Court a verdict was rendered for the plaintiff for $492.06, and the defendant thereupon filed his bill of exceptions.

It appears from the evidence that the defendant, in settlement of some controversy, gave to the plaintiff the following note:

BOSTON, January 2, 1888.

"$300.

One year after date I promise to pay to the order of Thomas D. Quincy Three Hundred Dollars x ⁄ 100 with interest annually.

Value received.

Witnessed by:            EDWARD R. BLANCHARD,

GRACE H. BLANCHARD."

On the back of this note, in the handwriting of the plaintiff, are the following endorsements:

"Mh.   21 ⁄ 90 Rec'd on a ⁄ c of principal, $15.
"My.   1 ⁄ 90     "       "       "     "       "       $15.
"Nov.  22 ⁄ 07    "       "       "     "       "     . $25.
"Dec.  14 ⁄ 07    "       "       "     "       "       $50.
"Jan.  27 ⁄ 08    "       "       "     "       ". $25.
"Mch.  11 ⁄ 08    "       "       "     "       "       $25.
"Aug.  19 ⁄ 08    "       "             this note, $20."

The defendant admits that in 1890 he made two payments of $15 each and that the first payment was accompanied by a letter dated March 19, 1890. Between May, 1890, and October, 1907, a period of more than seventeen years, the plaintiff made no demand upon the defendant for any further payment upon the note and during that time the defendant paid no attention to it in any way. When the plaintiff renewed his demands for payment in October, 1907, the defendant was not able to readily recall the transaction.

At different times, subsequent to October, 1907, the plaintiff made demands upon the defendant for payments on account of the note in question. These demands were made by letter. The defendant admits that between November 22, 1907, and August 19, 1908, he sent the plaintiff, at five different times, sums of money aggregating $145. These several remittances were in each instance accompanied

by a letter. The defendant claims these sums of money were sent to the plaintiff to relieve the latter's financial distress and in recognition of earlier favors which the plaintiff had done him and were not intended as a payment upon said note, and that the application of such payments to the liquidation of said note was without his knowledge and unauthorized by him.

The plaintiff, on the other hand, contends that these sums of money sent to him by the defendant, as aforesaid, were intended by the defendant as payments on the note; that he endorsed the same on the note, accordingly, and in each instance sent the defendant a receipt for his check; and that the defendant's letters show an intention on his part to recognize his indebtedness and to pay the balance of the principal of the note and the interest thereon.

(1)     These endorsements of payments on the back of the note by the plaintiff would be of no avail unless it be shown that the defendant made remittances with the intention of having them applied to the payment of the note. If the defendant had other reasons for his remittances, and made them simply to assist the plaintiff in financial distress, they would in no way amount to or be evidence of a new promise to pay the note.

The several remittances made by the defendant to the plaintiff were by check. For these checks the plaintiff sent the defendant receipts. The plaintiff was asked, in the course of his testimony, as to the wording of these receipts but, upon objection, the question was withdrawn. The receipts were not called for and were not produced in evidence and whether they contained any statement indicating that any of the amounts remitted had been credited on the note does not appear.

The defendant, in the first place, excepted to the introduction of these letters on the ground that they were not admissible under the pleadings. The defendant pleaded the statute of limitations to which the plaintiff replied, as follows:

(2)    "And the plaintiff says that by reason of anything in the said plea alleged, he ought not to be barred from having and maintaining his aforesaid action against said defendant, because he says that the said defendant did within six years next before the commencement of this suit undertake and promise in manner and form as he the said plaintiff hath above complained, and this he prays may be inquired of by the country." This replication, the defendant claims is nothing more than a denial that the cause of action did not arise within a period of six years, and that if the plaintiff desired to rely upon a new promise made within six years such new promise should have been specifically set forth. The plaintiff does not dispute defendant's contention that a new promise must be pleaded, but claims that the form and wording of his said plea indicates, and is sufficient to apprise the defendant, that he is relying upon a new promise made within six years. In other words, the plaintiff contends that the replication filed by him sets forth a promise made within six years before the commencement of his suit and amounts, therefore, to a special replication setting up a new promise. We cannot say from an examination of the replication that it does not set forth a new promise. The language used, "that the said defendant did within six years next before the commencement of this suit undertake and promise," etc., would seem to point to a new promise rather than to a reliance upon the note in its original form, which was of a date some seventeen years prior to the suit. In the case of *Bradley* v. *Addicks*, 76 Atl. Rep. 318, it was held that where the plaintiff replied to the plea of the statute by a special replication, averring that the action accrued within six years next before the commencement of said action, such replication was proper and sufficient. We think that the replication of the plaintiff was sufficient and that he was entitled thereunder to present such evidence of a new promise as might otherwise be properly admitted.

The evidence of a new promise relied upon by the plaintiff consists of certain letters written by the defendant which

were severally accompanied by remittances of money. These letters were submitted to the jury as evidence of a new promise. The first letter containing an enclosure of $15 was dated March 19, 1890. If we assume that this letter contained a promise to pay the debt and that the defendant intended that the remittance enclosed should be endorsed upon the note in question, it would not be evidence of a new promise to pay the balance now due for the reason that such new promise, if made, would also have (3) become barred by the statute of limitations. This letter, however, would be admissible as evidence tending to fix the amount due on the note and might be useful in construing the later correspondence upon which the plaintiff relies to show a new promise. The correspondence, however, between the parties was resumed some years later and from November 1, 1907, down to and including March 4, 1908, the defendant wrote to the plaintiff five letters and subsequently another letter, without date, making six in all. All of the letters, we think, were properly admitted.

(4)    The question remaining to be considered is, are these letters, other than the one of March 19, 1890, sufficient to constitute a new promise which would take the case out of the statute of limitations? They cannot be said to contain any express promise to pay the debt. If they do contain a new promise it must be by implication, but whether or not a new promise can be reasonably implied therefrom is a question of fact for the jury. The jury has found a new promise and the trial court has refused the defendant's motion for a new trial. It seems to us that that question has been settled and that no good reason appears for disturbing the conclusions reached by the jury and the trial court. *Mowry* v. *Saunders*, 33 R. I. 45; *Higgins* v. *Butler*, 10 Okl. 345.

The defendant contends, under his exception numbered eighteen, that it was error for the trial court, in charging (5) the jury, to read from the case of *Mowry* v. *Saunders*, 33 R. I. 45. We cannot see that such action on the part of the trial court was prejudicial to the defendant.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Curtis and Ball, Adolph Gorman,* for plaintiff.

*Gardner, Pirce and Thornley,* for defendant.

*Charles R. Haslam, of counsel.*