# Estate of Helen Turnbull.

*Bills of review—Petition for—When allowed—Contents of petition—Section 48 of Fiduciaries Act—Discretion of court.*

In a petition for review of an executor's account, an allegation on information and belief that a credit item was never paid to a deceased legatee, is sufficient, where the facts relative to the alleged payment are peculiarly within the knowledge of the accountant.

Such a petition complies with the rules applicable to bills in equity and affidavits of defense if it also contains an averment of petitioner's expectation of ability to prove such allegations.

A bill of review cannot be substituted for exceptions and an appeal, and no review should be granted in a case in which the question in issue was raised, contested and decided adversely to petitioner at the audit. But where the facts relied upon in the petition were unknown to the parties interested at the time of the confirmation of the account, this rule does not apply.

The proviso to section 48 of the Fiduciaries Act, which provides that the right to a bill of review shall not extend to any cause when the balance due shall have been actually paid and discharged by any fiduciary, is not applicable where it is averred that the amount in controversy was never paid, for the sustaining of such contention would not result in disturbing an appropriation already decreed and consummated by payment.

A petition for a review will be granted when it shows an error of law apparent on the face of the record, or new matter which has arisen since the decree, or the subsequent discovery of new evidence as to the facts upon which the decree was granted which could not have been procured by the use of due diligence.

Aside from statutory provisions, the Orphans' Court has the inherent power to grant a review, and where no rights have changed in consequence of the decree, this power should be liberally exercised.

Argued March 1, 1926. Appeal No. 3, February T., 1926, by petitioner, from order of O. C. Lackawanna County, Series C, No. 358, in the case of Estate of Helen Turnbull, Deceased. Appeal of the Scranton Trust Company, Administrator C. T. A. of the Estate of John Moses, Deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for a bill of review. Before SANDO, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was the order of the court.

*C. B. Price,* and with him *S. B. Price* and *J. H. Price,* for appellant.

*B. Fenton Tinkham,* of *Tinkham & Myers,* for appellee.

OPINION BY CUNNINGHAM, J., April 19, 1926:

This is an appeal by the Scranton Trust Company from the decree of the Orphans' Court of Lackawanna County sustaining a demurrer to a petition filed by it as administrator c. t. a. of the estate of John Moses, praying for a review of the first and final account filed by William Richardson, trustee under the will of Helen Turnbull, late of the said county, deceased, and for a review of the adjudication of said court upon said account.

But one assignment of error has been filed raising the single question whether, under the averments of the petition and the facts disclosed by this record, it was the duty of the court below to require the said trustee, now represented by a guardian ad litem, to answer the petition, thereby affording an opportunity for the disposition of the matter upon its merits.

The material facts may be summarized and the issues of law stated as follows:

Helen Turnbull, a resident of Lackawanna County, died December 4, 1896, testate. William Richardson was appointed executor of her will and trustee of her residuary estate for the use and benefit of her chil-

dren, John A. Moses, Samuel J. Moses and Armenius Moses, share and share alike.

The first and final account of said trustee was filed April 24, 1920, and confirmed finally May 8, 1920. On June 9, 1920, the account was called for audit, which audit was closed July 12, 1920. The adjudication of the account and decree of distribution was filed and confirmed nisi December 1, 1920, which confirmation, in the absence of any exceptions, became absolute December 18, 1920.

Accountant claimed credit, inter alia, for a distributive payment on February 11, 1920, to John Moses, one of his cestuis que trust, in the sum of $1500.

This item appeared in the account as follows:

"1920
Feby 11,    Check to John Moses,  $1500."

John Moses was ill at the time of the alleged payment and died before the filing of the account, viz: on March 5, 1920. Thereafter a will of the said John Moses, dated January 28, 1904, was probated on May 5, 1920, and letters testamentary thereon were issued to the Scranton Trust Company as administrator c. t. a. By this will John Moses devised his estate to Joseph F. Gilroy and his wife, Virginia Gilroy. From the opinion of the learned President Judge of the court below we learn that the Scranton Trust Company, appellant herein, was represented by counsel in its capacity as administrator c. t. a. of the estate of John Moses at the audit in June, 1920, of the account of the said William Richardson, trustee under the will of the said Helen Turnbull. After appropriate proceedings, including an appeal to the Orphans' Court of Lackawanna County, probate of this will was opened and a later will of the said John Moses, dated April 14, 1916, was duly probated on April 1, 1921, several months after the final adjudication of the said trustee's account, and letters testamentary were issued on

this second will to said Scranton Trust Company as administrator c. t. a.  By this second will the residuary estate of John Moses was devised to Mrs. Eda Lester of the city of Scranton.

Within five years after the final decree confirming the account in question, viz: on December 18, 1923, the Scranton Trust Company, administrator c. t. a. of the estate of the said John Moses, presented its petition to the Orphans' Court of Lackawanna County, setting forth, inter alia, the filing, auditing and confirmation of the account of said William Richardson, trustee under the will of the said Helen Turnbull, and averring that said account contained "a distribution statement of part of the funds in the hands of said trustee alleged to have been made to John Moses and Armenius Moses, the cestuis que trust, under the will of said Helen Turnbull."

The fourth and fifth paragraphs of the petition read:

"4th—Said distribution account contained the following item of credit claimed by the said Trustee:  February 11, 1920, check to John Moses, $1500.

"5th—No such payment was ever made to John Moses, either directly or for his account, as your petitioner is informed and believes."

The facts relative to the illness and death of John Moses and the probating of the two wills above mentioned are then set forth and the petition continues:

"7th—The facts in regard to the alleged payment to John Moses Feb. 11, 1920, as claimed in the distribution account of said Trustee, were unknown to the parties interested in either of said wills at the time of confirmation of said Trustee's account, or to your petitioner as administrator thereunder.

"Your petitioner has been endeavoring for some time to obtain proof of the fact that no such payment was made, and from the information obtained and the proof in hand, is informed and verily believes that no such check was given to John Moses, and that said John Moses in his lifetime had no knowledge of such attempt to deprive him of his inheritance."

The prayer of the petition is that a citation issue commanding the said trustee to appear and show cause why said decree of confirmation should not be opened, reviewed and set aside; the account corrected by striking therefrom said credit and that an order be made for the payment of said amount to petitioner, etc.

The only part of said prayer with which we are concerned upon this appeal is that which asks that the adjudication be opened and the account reviewed.

Although it does not appear from the portion of the record printed on this appeal, we are informed by counsel for the appellee in their brief that by this time the said trustee had become non compos mentis and that H. W. Mumford had been appointed his guardian ad litem.

The docket entries as printed show that as a result of proceedings in the Orphans' Court of Lackawanna County, instituted by the said Armenius Moses on May 8, 1924, the said William Richardson was removed as trustee of said estate on December 23, 1924, and the said Scranton Trust Company substituted as such trustee.

The said guardian ad litem, on January 14, 1924, filed a demurrer to said petition.

The grounds upon which the demurrer is based are that the petition does not set forth any error apparent on the face of the record; allege any new matter which has arisen since the decree; show the discovery of new evidence which could not have been

previously procured by due diligence; nor allege that the balance found to be due has not been actually paid and discharged; and the further ground that petitioner having been represented at the said audit is now estopped from obtaining the relief asked.

The court below sustained the demurrer and dismissed the petition for three reasons: First, because the averments of the petition to the effect that the money in question was never paid directly or indirectly to John Moses are made only upon information and belief, (a ground not suggested in the demurrer); second, because the question which the petitioner desires to raise could properly have been determined upon exceptions filed to the trustee's account; and third, because the facts averred in the petition do not entitle the petitioner, within the purview of the statute regulating bills of review, to the relief prayed for.

A majority of the members of this court are of opinion that the court below erred in its conclusions.

With respect to the first ground upon which the court below sustained the demurrer, it is to be observed that the facts relative to the alleged payment are peculiarly within the knowledge of the accountant, or his legal representative, and it is obvious that the petitioner could not state the facts of its own knowledge.

Under such circumstances the petitioner had the right to make the averments upon information and belief and the only question arising is whether in so doing it has complied substantially with the established rules relative to such averments. In view of the nature and purpose of this proceeding, the petition might properly be tested by the rules applicable to bills in equity. Our Equity Rule No. 34 requires that: "Every bill shall contain, in a concise and summary form, a statement of the facts on which plaintiff relies, or which are deemed necessary to invalidate an anticipated defense."

"A plaintiff in equity does not recover on proofs alone but on his pleadings and proof. He must aver in his bill all matters essential to entitle him to recover, and neither implied allegations nor proof of matters not alleged can be made the basis for equitable relief": Caveny v. Curtis et al., 257 Pa. 575, 581.

When, however, the defendant in an equitable proceeding occupies a peculiar relation of trust and confidence or has a fuller knowledge than the plaintiff a charge may be made on information and belief: 10 R. C. L., 414, Sec. 169.

We are of opinion that the petition complies with these rules.

Assuming, however, that because the essential averments are made upon information and belief this petition should be tested by the rules applicable to affidavits of defense, it may be stated that the general rule relative to such averments requires the party either (a) to aver his expectation of being able to prove the same at the trial, or (b) to set forth specifically the sources of his information or the facts upon which his belief rests.

These requirements are in the alternative and the authorities do not require the setting forth of the sources of the party's information or facts upon which his belief rests and also an averment of his expectation of ability to prove the facts alleged: Eliel v. Chamberlain, 48 Pa. Superior Ct. 610, 617.

No set form of words, however, is required. In Punxsutawney Iron Co. v. Fort Pitt Malleable and Grey Iron Co., 216 Pa. 432, 435, our Supreme Court, discussing this rule, said that where an affiant cannot state the facts of his own knowledge it is the best legal form to say that he "is informed and believes and expects to be able to prove" the facts at the trial of the cause and that the party who departs from this approved form and undertakes to establish another which he may

think is a full equivalent does so at his own risk. Continuing the Supreme Court said: "It, however, was not decided in that [Newbold v. Pennock, 154 Pa. 591.] or any other case that it was an unbending requirement to use the words 'is informed, believes and expects to be able to prove' in an affidavit of defense, when affiant cannot state the facts of his own knowledge, although it is always wise to follow the approved form. In the present case the affiant uses the words 'believes and says' in averring the agency and then gives in detail the facts and circumstances relating to the course of dealing between the parties through the alleged agent, specifically stating that the agent had the authority to cancel the contract, and did cancel it and concluded with the averment that all of the facts set out in the affidavit are 'true and correct.' This is sufficient to put the parties on their proof."

In the present case the petitioner specifically avers in the fifth paragraph of the petition that no such payment as that in question was ever made to John Moses, "either directly or for his account, as your petitioner is informed and believes." This averment alone in an affidavit of defense would not be sufficient; but in the seventh paragraph of the petition it is further averred that the petitioner has been endeavoring "to obtain proof of the fact that no such payment was made, and from the information obtained and the proof in hand, is informed and verily believes that no such check was given to John Moses."

This, as we regard it, is equivalent to saying that the petitioner now has proof in hand sufficient, as it believes, to sustain the averments and is tantamount to saying that it expects to be able to prove the facts averred in its petition. Manifestly the petitioner is not required to set forth the manner in which the facts will be proved, nor the evidence by which they will be substantiated.

In Gandy v. Weckerly 220 Pa. 286, 293, it was said that: "Whether the appellant shall be able to sustain his defense by the proper measure of proof is not a question now before us. When he avers that he expects to be able to prove the facts set out in the affidavit of defense, the presumption is that he will do so by proper proof. He is not required in his affidavit of defense to set forth the manner in which the facts therein alleged will be proved, nor the evidence by which they will be substantiated: Endlich on Affidavits of Defense, 324; Bronson v. Silverman, 77 Pa. 94; Kaufman v. Cooper Iron Mining Co., 105 Pa. 537."

With respect to the second ground upon which the demurrer was sustained, to wit, because the question which the petitioner seeks to raise could have been raised and disposed of at the audit by exceptions to the said credit item in the account, we agree that a petition of review cannot be substituted for exceptions and an appeal and that no review should be granted in a case in which the question at issue was raised, contested and decided adversely to petitioner at the audit: Troutman's Est., 270 Pa. 310, 320.

We are of opinion however that the failure of the petitioner to raise the question by exceptions at the audit is sufficiently accounted for by the averment in the seventh paragraph of the petition to the effect that the facts now relied upon "were unknown to the parties interested in either of said wills at the time of confirmation of said trustee's account, or to your petitioner as administrator thereunder."

Turning next to the contention of counsel for the appellee, as set forth in the fifth paragraph of the demurrer, that the petition is deficient because it is not therein alleged that the "balance found to be due" had not been actually paid and discharged by the trustee, we are of opinion that the positive averment of the petition to the effect that the amount in contro-

versy was never paid by the trustee to the said John
Moses is sufficient to prevent the proviso to Section 48
of the Fiduciaries Act from having any application to
this case.

Nothing is said in the opinion of the court below
relative to this contention of appellee. It is based
upon the provisions of the Act of October 13, 1840, P.
L. 1, (1841), Section 1, and the Fiduciaries Act of June
7, P. L. 447, Section 48, 514, which latter act reenacts
and enlarges the former.

In Troutman's Estate, supra, it is pointed out that
the Fiduciaries Act is an advance over that of 1840 in
that the Fiduciaries Act is also applicable to errors
made in the adjudication, whereas the Act of 1840 re-
lated only to errors in the account, and it is there said
that where an error appears in an adjudication and the
balance found due has not been actually paid and dis-
charged, a rehearing is a matter of right unless, at the
audit, the question at issue was raised, contested and
decided adversely to petitioner. The proviso of the
earlier act was carried into the later and is to the
effect that the act shall not ''extend to any cause when
the balance found due shall have been actually paid
and discharged by any fiduciary.''

An interpretation of this proviso is found in Rus-
sell's Administrator's Appeal, 34 Pa. 258, 262. In that
case it was averred in a petition of review that the ac-
countant, an executor, failed to provide for a fund of
$1,000, which he was directed to raise and expend
for a specified beneficiary, and also that he had omit-
ted to charge himself with certain items of interest,
and the prayer was that the accountant should be
surcharged with the amount of said fund and said in-
terest items.

The petition further averred that, without having
provided for said fund, the accountant had sold the
real estate of the testatrix for the purpose of paying
the debts of her son, the father of the beneficiary, al-

though said fund had priority over said debts. The accountant filed an answer, setting forth, inter alia, that the fund was to be raised out of the personal estate, which was not sufficient, and that the real estate had been sold by the direction of the court "for the purpose of carrying out the directions of the will of the testatrix" and that the accountant had "paid the proceeds away according to and under the direction of" the court. The accountant also denied liability to pay any interest upon the ground that certain claims were in litigation, etc.

With respect to these contentions our Supreme Court said: "Now, the substance of the principal allegation of error made in the appellant's petition of review, is that the executor had applied the proceeds of sale of the real estate to the payment of Nelson Thornton's debts, instead of first completing the fund set apart for Eliza Ann Thornton. Those debts the appellant claims should have been postponed. If the petition of review be successful, the accountant must again pay, and pay to the residuary legatees the money which he has already paid in discharge of Nelson Thornton's debts, and paid in obedience to the order of the Orphans' Court. The case is, therefore, directly within not only the letter but the spirit of the proviso of the Act of October 13, 1840. It was to prevent such injustice that a bill of review is denied, after a 'balance found due shall have been paid over.' The proviso is a protection to the accountant, as truly as to the cestuis que trust. The original decree is presumptively right, and it would be neither equity nor justice to punish the accountant for yielding obedience to it. ......

"The alleged error said to consist in the executor's not having charged himself with interest, stands upon different ground. With that, the appellant seeks to surcharge the accountant, but not to disturb an appropriation already decreed and consummated by pay-

ment. The proviso of the act may not be in the way of this, but it is not alleged that the neglect of the appellee to charge himself with interest is new matter which has arisen or been discovered since the decree which it is sought to review. And besides, it does not appear that it was an error.''

The account involved in the present appeal seems to have been both an administration and a distribution account and the alleged payment to John Moses is apparently the balance due him on a distribution of the trust estate created by Helen Turnbull. There is no suggestion in the petition that the amounts paid to other cestuis que trust were not correct or were not properly paid to them, or that the amount due John Moses was not correctly stated. The averment is that this admittedly correct amount was never paid. The sole contention is that the credit claimed by the accountant for the payment of $1,500 to John Moses should not be allowed because such payment was not made. If, after answer and appropriate proceedings thereon, it should appear that the contention of the petitioner is correct such decision will not affect any payments heretofore made to other beneficiaries of their respective distributive shares of the trust fund. Expressed in the language of the Supreme Court above quoted such result will ''not disturb an appropriation already decreed and consummated by payment.''

We think that the proviso under discussion has no application to the issue in this case and that the petition contains a sufficient averment that the balance now in question has not been paid and discharged by the fiduciary.

In Nixon's Estate, 239 Pa. 270, the general rule to be followed in disposing of applications for a bill of review under the Act of 1840 is stated in the following language: ''It is well settled that a petitioner for a review of an account settled and confirmed in the Or-

phans' Court must show either an error of law apparent on the face of the record or else new matter which has arisen since the decree. Or such review may be allowed ex gratia upon the subsequent discovery of new evidence as to the facts upon which the decree was grounded which could not have been procured by the use of due diligence: Green's App., 59 Pa. 235; Cramp's App., 81 Pa. 90; Priestly's App., 127 Pa. 420; Dox's Est., 227 Pa. 606.''

The petitioner has endeavored, and we think successfully, to bring itself within the above rule with respect to new matter by averring in the seventh paragraph of the petition that the facts with respect to the alleged payment were unknown to it, or any of the parties in interest, when the decree was entered.

For these reasons we cannot agree with the conclusions reached by the learned President Judge of the Orphans' Court and are of opinion that under the provisions of the Fiduciaries Act the trustee, or his legal representative, should be required to answer the petition.

But aside from any technical questions arising with respect to the sufficiency of this petition under section 48 of the Fiduciaries Act, and aside from the statutory provisions regulating petitions of review, the court below had inherent power to grant a review and, where no rights have changed in consequence of the decree, this power of correction should be liberally exercised ''notwithstanding the fact that error does not appear on the face of the record, or that new matter is not averred or shown'': Sloane's Est., 254 Pa. 346, 350; approving this statement in Mitcheson's Est. 11 W. N. C. 240; see also Bender's Est., 278 Pa. 199, 203. In the opinion of our Supreme Court in Troutman's Estate, supra, it is stated that under the facts in that case ''the court could, entirely aside from the act, have wisely exercised the inherent power which it possesses, and granted the review (Sloane's Est., 254 Pa. 346)

since under the admitted facts no one could possibly have suffered by its so doing." We are not unmindful of the fact that this trustee is now represented by a guardian ad litem, but, in view of the manner in which the alleged payment was made, as stated by him in his account, viz: by a check, which should be traceable through his books and accounts and through the books and records of the banks which handled it, if drawn and paid, we feel that the language of our Supreme Court in Troutman's Estate, supra, and in Sloane's Estate, supra, is applicable to the present case.

The decree sustaining the demurrer is reversed and the record remitted with a procedendo.