## Devine's Estate.

*Practice, O. C.—Bill of review — Adjudication — Agreement of parties—Estoppel.*

1. Where an issue is fairly raised in the Orphans' Court and the parties, among themselves on the record and by their writings, agree as to the findings, they are not entitled, afterwards, to a review to relieve themselves from their solemn agreement in writing and from their mistakes and blunders, on the ground that they did not realize that the amount involved would be as great as it subsequently proved to be; and especially is this so where proper accounting would show that nothing was really due the petitioners and the pleadings contain no offer to so account.

*Wills—Legatees—Annuitants—Residuary estate.*

2. Where legatees and annuitants are the primary object of the bounty of a testatrix, they must be paid in full before the residue payable to the residuary legatees can be ascertained.

Petition for review. O. C. Phila. Co., April T., 1899, No. 318.

Daniel C. Donoghue, James Fitzpatrick and William I. Stanton, for petitioners.

R. M. Remick (of Saul, Ewing, Remick & Saul), for respondents.

HENDERSON, J., April 13, 1928.—This proceeding is for a review of an adjudication filed July 23, 1926, and to which no exceptions were filed. It was referred to a master to find merely the facts. His findings, set out in the record, were excepted to, and at the argument before us these exceptions were withdrawn; hence, the following questions are now to be determined: (1) Are the petitioners, residuary legatees, entitled to a review; (2) have the respondents, annuitants, any claim on the proceeds of real estate, or are they merely limited to income; and (3) to what interest are they entitled?

The record shows that these questions were squarely raised at the audit, and the residuary legatees, represented by counsel, agreed that the balance of the annuities, together with interest, should be paid in full out of the fund then before the court, which included the proceeds of realty. The other residuary legatees joined in this agreement by letters to the Auditing Judge, all of which are attached to the adjudication.

These parties, or rather most of them, now complain that they did not realize that the amount involved would be as great as it is, and pray that they may be protected from their own mistakes and blunders, and in support thereof cite Willing's Estate, 288 Pa. 337, and Turnbull's Estate, 88 Pa. Superior Ct. 482.

In the former, our Supreme Court said: "Irrespective of any legislation, the Orphans' Court possesses an inherent discretionary power 'to correct its own records in the interest of justice, even to protect parties from the effect of their own mistakes and blunders:' Sloan's Estate, 254 Pa. 346, 350."

In the latter case, our Superior Court said: "In Troutman's Estate, supra, it is pointed out that the Fiduciaries Act is also applicable to errors made in the adjudication, whereas the Act of 1840 related only to errors in the account, and it is there said that where an error appears in an adjudication

Devine's Estate.

and the balance found due has not been actually paid and discharged, a rehearing is a matter of right unless, at the audit, the question at issue was raised, contested and decided adversely to petitioner. The proviso of the earlier act was carried into the later, and is to the effect that the act shall not 'extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary.' "

Distribution has not been made and the petitioners contend that the annuitants' rights to arrears and interest were not contested because the facts presented at the audit did not properly raise the question, and, hence, there was no contest, and that the matter was not argued.

The record shows that the question was fairly raised. Counsel for some of the annuitants stated to the Auditing Judge: "While Mr. Skinner has stated that all the annuitants are dead, that statement, to my mind, is not quite accurate. St. Joseph's Hospital is one of the annuitants; all the other annuitants are dead. As Mr. Skinner has stated, during the early stages of the administration of this estate the income was not sufficient to pay all the annuitants, due to the fact that there was a prior annuity of $10,000 and an annuity of $500 charged on the entire estate. All income that came before the court on the first and second accounts was awarded them and the principal was awarded back to pay the income to these annuitants in full and the balance *pro rata* to the other annuitants. That has not been done. It was during those years the annuitants received a portion of their annuities. I represent the Sisters of St. Joseph's Hospital and the next of kin of two deceased annuitants. At the time of the adjudication in 1921, due to the fact that several of the annuitants had died, there was sufficient in the estate to pay all the annuitants then remaining in full and to pay all the legatees in full, with interest to the date of payment. In addition to that, the residuary legatees received $19,000 of income. On behalf of the annuitants I represent, it is my contention that, prior to the time the residuary legatees are entitled to anything out of the estate, the unpaid portion of the annuities should be paid, with interest to date. I also claim against $12,000 set aside and unconverted real estate in the hands of the present accountants for the payment of back annuities."

To this statement, counsel for five of the residuary legatees replied: "I represent five. On their behalf, I considered the question and I have no objection that the deficiency in the annuities shall be paid."

The other counsel present for certain residuary legatees concurred in this statement, and the remaining residuary legatees did so by letter.

The record, therefore, shows that the issue was properly raised, conceded by these petitioners and decided adversely to them. The question thus presented is: when an issue is fairly raised and the parties among themselves, on the record and by their writings, agree as to the finding, are they entitled to a review to relieve themselves from their solemn agreement of record, with the other parties in interest and with the court? We think not. They conceded the questions instead of contesting them and should not now be permitted to reopen them. If the court may not rely on the agreement of the parties, its business would soon be in a chaotic condition.

These petitioners concede that the annuities are payable at least out of income, and the record shows that, without notice to these annuitants, the petitioners received over $47,000 of income awarded in the adjudication of 1921, an amount which would then have been sufficient to pay these claims in full, and which, with interest, with which they would be surcharged, will also suffice to quit this claim. No decree could be made in their favor without an

Devine's Estate.

accounting for this income and interest thereon. Their pleadings contain no offer to so account, although counsel stated verbally at the argument his willingness to do so. Hence, under their own admission, nothing is due them.

We find no merit in the question of law raised by the petitioners, to wit, that these annuitants must look to income alone to satisfy their claims and may not participate in the proceeds of real estate.

These annuities were a charge upon the entire estate. By item fourth of the will, the testatrix gave a preferred annuity of $9000 to her adopted daughter, with provision that upon her death "the residue of the principal sum set apart to provide for the payment of the said annuity to her for life, to become part of my residuary estate." This is increased by the codicil of Feb. 6, 1899, to $10,200, with the direction, "in case my estate shall prove insufficient for the payment of all the legacies and annuities mentioned in my said Will and Codicils," that this annuity to her adopted daughter should not suffer any abatement.

In every clause of her will giving an annuity, she provided that upon the death of an annuitant "the principal retained to meet this annuity shall become part of my residuary estate." It was manifestly her intent that part of her estate should be set apart to assure each annuity. This was never done, but equity will presume that as done which should have been done.

The residuary legatees can take nothing until these claims are satisfied. But they contend that the *corpus* of each annuity was given to them. While it is true it became a part of the residuary estate, it was not given to them by name; hence, it must be administered and subjected to deficiencies of legacies and annuities; these beneficiaries are the primary objects of her bounty and must be satisfied in full before the residue payable to the residuary legatees can be ascertained. They are entitled merely to the crumbs of what is left. See Haines's Estate, 25 Dist. R. 994; Costello's Estate, 16 Dist. R. 188, and Wootten's Estate, 21 Dist. R. 1035.

These annuities began with the death of the testatrix, and interest will be awarded from the date they fell due. It is suggested that the account audited in 1921 contained a fund amply sufficient to take care of all interest, and as no claim was then made, therefore, none should now be allowed. These annuitants were without notice of that audit, and, hence, are not bound thereby; the fact that they could have made such a claim in 1900 and 1907 is without merit. See Willing's Estate, 288 Pa. 337.

The petition is dismissed.

VAN DUSEN, J., did not sit.