**In re ESTATE OF Patricia L. KARSCHNER.**

Superior Court of Pennsylvania.

Submitted June 19, 2006.

Filed Feb. 28, 2007.

Andrea L. Lehman, Huntingdon, for appellant.

Daniel F. Glassmire and Alan M. Acker, Coudersport, for appellee.

BEFORE: FORD ELLIOTT, PJ., McCAFFERY and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Harold R. Karschner, appeals from the decree entered in the Court of Common Pleas of Potter County denying his petition to review the final accounting of the estate of Patricia L. Karschner. In addressing his claims, we examine, *inter alia*, whether a notice of appeal may be properly filed *via* facsimile transmission; and despite finding that it may not, we affirm.

¶ 2 On June 3, 1998, Appellee, Gerald R. Karschner, acting as executor of the will of the parties' mother, Patricia L. Karschner, filed a First and Final Account of the administration of her estate, and Appellant, one of Appellee's four brothers, filed objections. The orphans' court appointed an auditor, who submitted a final report

that was confirmed by a court decree filed on January 6, 2000. Appellant's exceptions to the auditor's report were dismissed. Exceptions to the First and Final Account were renewed by Appellant, but on March 28, 2002, the executor filed an amended First and Final Account at the direction of the court. No appeal was filed from the decree confirming the account. On October 5, 2004, Appellant petitioned to review the final accounting, Appellees filed responses, and the trial court held a hearing on September 23, 2005 to decide whether it had jurisdiction to conduct such a review. It found that a hearing on the merits would be jurisdictionally proper, but procedurally unnecessary, since, after considering Appellant's oral and briefed arguments, which are similar to those made instantly, the court found that he "failed to specifically set forth any errors in the final accounting" sufficient to justify an evidentiary hearing to reexamine the accounting. (Trial Court Decree, 9/30/05, at 1). The trial court's decree, dated September 26th, was not docketed until September 30th. Appellant faxed his notice of appeal to the trial court clerk on October 31st, and followed with a notice of appeal sent through the mail, which arrived on November 3rd.

■ ¶ 3 Preliminarily, we must determine whether Appellant's facsimile transmission constituted a timely notice of appeal.[1] Pa.R.A.P. 903(a) provides that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The date of entry for an order is "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b).

¶ 4 Whether a notice of appeal filed by fax satisfies the Rule 903 requirement for a timely appeal[2] is a question which has not been addressed by this Court. Although the Rules of Appellate Procedure place no restrictions on the method of submission, Rule 905(a) directs that "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." However, Rule 905(a) also provides that, in the first instance, a notice of appeal is to be filed with the clerk of the trial court, which then forwards it to the prothonotary of this Court. The Rules of Civil Procedure categorically prohibit "the filing of legal papers with the prothonotary by facsimile transmission." Pa.R.C.P. 205.3(a), *note*. The question then becomes whether that prohibition informs our treatment of a filing required by the rules of this Court. We find that it does.

■ ¶ 5 This Court has, in at least one instance, deferred to the trial court in accepting such a transmission: in *Commonwealth v. Felmlee*, 828 A.2d 1105 (Pa.Super.2003), after noting that the Rule of Criminal Procedure 576 which governs filings "neither authorizes nor prohibits filings by facsimile," *id.* at 1107 n. 2, we reported without further comment that a faxed post-sentence motion was received and accepted on the last permitted filing day for such documents. Our lack of analysis seems to indicate that the critical fac-

---

**1.** We note that because timeliness is a jurisdictional issue, we may address it *sua sponte*. *See In re Adoption of W.R.*, 823 A.2d 1013, 1015 (Pa.Super.2003).

**2.** The thirtieth day after September 30th fell on a Sunday, so an appeal would be properly filed on Monday, October 31st. *See* 1 Pa. C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday ... such day shall be omitted from the computation.").

tor was not the nature of the legal document, but the tenor of the applicable rule. Applying that criterion to the instant matter, because the Appellate Rules do not speak to this issue, we defer to the more restrictive rules governing the activities of the court to which the responsibility of receiving and transmitting appeals has been delegated. Such a conclusion also comports with the direction suggested by the Internal Operating Procedures of the Pennsylvania Supreme Court, which limit facsimile transmission to emergency motions only. *See* 210 Pa.Code § 63.6.C. Accordingly, we find that facsimile transmission of legal papers is not valid.

■■■ ¶ 6 However, in this instance, the invalidity of the filing method does not affect our ability to review the appeal. Appellant followed his faxed notice with one sent through the mail. Although it arrived on November 3rd, more than thirty days after the entry of the trial court's decree, at that point the clock on Appellant's time for review had not begun ticking. Pa.R.C.P. 236(b) requires that "[t]he prothonotary shall note in the docket the giving of the notice." Pa.R.C.P. 236(b). Failing this, "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." *Frazier v. City of Philadelphia,* 557 Pa. 618, 735 A.2d 113, 115 (1999).[3] Even where the prothonotary does notify the parties of an order, the thirty-day appeal period begins only after that notification has been marked on the docket sheet by corrective entry. *Id.*

¶ 7 Here the Potter County prothonotary noted on the docket that the final de-

cree was filed on September 30th, but did not indicate that the parties had been given notice of the decree. *See* Pa.R.C.P. 236(b). In the absence of the required notice, the thirty-day period for filing an appeal never began, and the timeliness of this appeal is therefore not at issue.[4] *See Frazier, supra.* Because this is so we will address the merits of Appellant's case. *See Vertical Resources, Inc. v. Bramlett,* 837 A.2d 1193, 1199 (Pa.Super.2003) (refusing to waste judicial resources by remanding matter solely for filing of Rule 236 notice).

¶ 8 Appellant presents the following issue:

WHETHER THE COURT ABUSED ITS DISCRETION WHEN THE COURT FAILED TO HEAR THE TESTIMONY TO BE PRESENTED FOR THE PETITION TO REVIEW THE AUDITOR'S REPORT AND/OR FINAL ACCOUNTING AFTER HOLDING ORAL ARGUMENT ON [APPELLEES'] OBJECTIONS TO THE PETITION?

(Appellant's Brief at 6).

■■■ ¶ 9 Appellant argues that the trial court abused its discretion by dismissing his petition after oral argument. He contends that the court had jurisdiction under 20 Pa.C.S.A. § 3521 to hear testimony regarding the petition, and that failing to do so was an error of law. We disagree.

In reviewing an order from the [o]rphans' [c]ourt, our standard is narrow: we will not reverse unless there is a clear error of law or an abuse of discre-

---

**3.** As with issues of timeliness, issues of appealability are jurisdictional in nature and may be raised *sua sponte. See Capuano v. Capuano,* 823 A.2d 995, 998 (Pa.Super.2003).

**4.** Normally, if a party appeals before the prothonotary has made a corrective entry on the

docket sheet, the case must be remanded to allow perfection of the appeal. *See In re Green,* 572 Pa. 408, 816 A.2d 224, 224–25 (2003); *Schiller v. Royal Maccabees Life Ins. Co.,* 561 Pa. 148, 748 A.2d 1234 (2000).

tion. Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record.

*In re Estate of Westin*, 874 A.2d 139, 142 (Pa.Super.2005) (citations omitted). A review of final accounting is not a matter of right, but rather lies within the sound discretion of the Orphans' Court and should be exercised "cautiously and sparingly and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause." *In re Estate of Roart*, 390 Pa.Super. 38, 568 A.2d 182, 187–88 (1989), (quoting *Bailey's Estate*, 291 Pa. 421, 140 A. 145, 146–47 (1927)), appeal denied, 588 A.2d 510 (1990).

¶ 10 As already noted, a final decree confirming the auditor's First and Final Account was entered on March 28, 2002, and no appeal was filed. "[A]n order confirming an account and ordering distribution of an estate becomes final when no appeal is timely filed therefrom. The failure to appeal from a final order renders the doctrine of *res judicata* applicable." *In re Estate of Braun*, 437 Pa.Super. 372, 650 A.2d 73, 76 (1994) (citation omitted). However, Section 3521 of the Probate, Estates and Fiduciaries Code provides an exception allowing a later review by the Orphans' Court of a final accounting. *Id.* The statute provides, in relevant part:

> If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report ... setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require.

20 Pa.C.S.A. § 3521. "[A] petition to review [under this statute] will be granted only (1) where there are errors of law appearing on the face of the record; (2) [when] new matters have arisen since the confirmation of the account; or (3) where justice and equity require a review and no person will suffer thereby." *In re Estate of Litostansky*, 499 Pa. 321, 453 A.2d 329, 330 (1982). To justify opening an adjudication by the Orphans' Court based on newly discovered evidence, the evidence must have been discovered since the original adjudication, must be such that it was not previously obtainable by reasonable diligence, and must be likely to have compelled a different result. *Roart, supra* at 187. Evidentiary hearings have been compelled, for example, in cases where breach of fiduciary duty or fraud have been alleged. *See Westin, supra* (alleging breach of fiduciary duty); *In re Estate of Marushak*, 488 Pa. 607, 413 A.2d 649, 650 (1980) (alleging fraud). Allegations must be specific in order to compel the court to conduct a hearing. *Estate of Gallagher*, 485 Pa. 62, 400 A.2d 1312, 1314 (1979) (finding allegation of fraud specific and thus warranting hearing).

¶ 11 Instantly, Appellant claims only that the final accounting contained "material and substantial errors." (Appellant's Brief at 12). However, the Orphans' Court found the allegations "vague" because they lacked any explanation of what the new evidence is or what errors it shows. (Trial Court Statement, 12/9/05, at 2). Therefore, Appellant fails to demonstrate how the court abused its discretion in reaching the conclusion that Appellant did not meet his Section 3521 burden without holding an evidentiary hearing. *See Westin, supra.* He points to no competent and credible evidence in the record that contradicts the court's findings. *See id.* He also fails to establish that the errors he claims to have discovered would have produced a different result. *See Roart, supra.* Additionally, because Appellant has alleged mere errors, not fraud or breach of fiduciary duty, we are not persuaded. *See*

*Westin, supra; Marushak, supra.* Further, he has not shown that the errors were undiscoverable through due diligence prior to the final accounting. *See Roart, supra.* Although Appellant alleges that failure to conduct a hearing is an error of law, the Orphans' Court had no duty to grant such a hearing; the decision to do so is a discretionary matter. *See id.* Thus, finding that to disturb the decision is not "indispensable to the merits and justice of the cause," we hold that the Orphans' Court properly denied Appellant an evidentiary hearing. *See id.*

¶ 12 Order affirmed.

¶ 13 FORD ELLIOTT, P.J., files a Concurring and Dissenting Statement.

¶ 14 McCAFFERY, J., Concurs in the Result.

Concurring and Dissenting Statement by FORD ELLIOTT, P.J.:

¶ 1 I join in the majority's disposition on the merits of this case; however, I dissent from the determination that the receipt by facsimile of the October 31, 2005 appeal did not meet the timeliness requirements of Pa.R.A.P. 903(a). Although I recognize that the majority's discussion on this issue may well be dicta, I am compelled to respectfully disagree with its analysis.

¶ 2 The procedural requirements as to form and process for the filing of a notice of appeal are directed by Chapter 9 of the Rules of Appellate Procedure; and therefore, I disagree that Pa.R.Civ.P. 205.1 or 205.3 plays any role in the process.[5] The county prothonotary or clerk's office is required to comply with the appellate rules in accepting and docketing a notice of appeal. Specifically, Rule 905 directs that "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a). Pursuant to Rule 902, "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken." Pa.R.A.P. 902. Such "other steps" may include an improper form and format, an inadequate filing fee or none at all, or failure to include proper attachments such as transcript orders and proofs of service. None of these defects affects the timely filing of the notice of appeal. Therefore, even though a facsimile transmission of a notice of appeal is clearly not a "best practices" approach, the clerk is still required under our rules governing appellate practice and procedure to time stamp the copy upon receipt. In this case, the appeal was timely filed on October 31st and subject to dismissal if not perfected. The November 3, 2005 receipt by mail corrected any defect.

---

5. The requirements of Pa.R.Civ.P. 236(b) upon which the majority relies to ultimately reach the merits of this appeal are specifically made a part of the appellate rules by their incorporation in Pa.R.A.P. 108(b).