J-A10031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: L.G., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MATTHEW AND LUANN | : | |
| GAIN | : | No. 2844 EDA 2018 |

Appeal from the Order Dated August 13, 2018
In the Court of Common Pleas of Chester County
Orphans' Court at No(s): 1512-1598

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED JULY 25, 2019**

Appellants, Matthew and Luann Gain, appeal from the order entered in the Chester County Court of Common Pleas, Orphans' court, which confirmed the first and final account of Appellee, Wilmington Trust, N.A., former trustee of the L.G. Special Needs Trust ("Trust"). For the following reasons, we vacate and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. Appellants are the natural parents of L.G., a minor. Soon after her birth, L.G. was diagnosed with several permanently debilitating developmental and mental disabilities, rendering her wholly dependent on others for her care for the rest of her life. On September 26, 2012, the Orphans' court approved the establishment of the Trust and appointed Appellee as trustee. Appellee served as trustee until April 21, 2017, when the Orphans' court approved the appointment of a successor trustee.

On March 23, 2018, the Orphans' court ordered Appellee to file an account of its administration of the Trust. Appellee filed its first and final account on May 31, 2018. With its account, Appellee filed a copy of a May 30, 2018 letter that Appellee claimed its counsel had sent to Appellants and Appellants' counsel along with Appellee's first and final account. The May 30, 2018 letter provided, in relevant part: "The audit of the Account will be held on a date to be determined at 201 West Market Street, West Chester, PA, 19380." (**See** Account Notice Letter, dated 5/30/18; R.R. at 381a-382a.) The letter stated the due date for filing any objections was on or before the audit date, but the letter did not state that Appellee would provide the date of the audit upon request. Appellee does not dispute that Appellants' counsel requested notice of the date scheduled for the audit or that Appellee gave no date. Appellants filed no objections to the account. The Orphans' court conducted an audit of Appellee's first and final account on August 1, 2018, and entered a decree of distribution on August 2, 2018. Subsequently, the court confirmed Appellee's account on August 13, 2018.

On September 12, 2018, Appellants filed a timely notice of appeal from the August 13th order. The next day, September 13, 2018, Appellants filed a petition for reconsideration of the August 13th order, a request for leave to file *nunc pro tunc* objections to Appellee's first and final account, and attached a copy of their proposed objections to the account. The Orphans' court ordered Appellants on September 14, 2018, to file a concise statement of errors

complained of on appeal per Pa.R.A.P. 1925(b); Appellants timely complied

on October 4, 2018. The court did not rule on Appellant's September 13th

reconsideration petition.

Appellants raise the following issues for our review:

> DID THE ORPHANS' COURT COMMIT AN ERROR OF LAW
> AND/OR ABUSE OF DISCRETION BY AFFIRMING
> [APPELLEE'S] ACCOUNT…AND DISCHARGING [APPELLEE]
> OF ALL LIABILITY WHEN [APPELLEE]'S NOTICE OF AUDIT
> WAS FACIALLY DEFECTIVE IN VIOLATION OF ORPHANS'
> COURT RULE 2.5?
>
> DID THE ORPHANS' COURT COMMIT AN ERROR OF LAW
> AND/OR ABUSE OF DISCRETION BY RELYING INSTEAD ON
> THE MAILBOX RULE AND AN AUDIT CALENDAR AS
> PROVIDING THE REQUISITE NOTICE TO [APPELLANTS]
> WHEN NEITHER THE MAILBOX RULE NOR THE AUDIT
> CALENDAR REMEDIED THE FACIALLY DEFECTIVE NOTICE?
>
> DID THE ORPHANS' COURT COMMIT AN ERROR OF LAW
> AND/OR ABUSE OF DISCRETION BY CONCLUDING THAT
> THE LACK OF NOTICE TO [APPELLANTS] DID NOT
> PREJUDICE THEM AS A MATTER OF LAW?
>
> DID THE ORPHANS' COURT COMMIT AN ERROR OF LAW
> AND/OR AN ABUSE OF DISCRETION BY FAILING TO
> CONSIDER [APPELLANTS]' OBJECTIONS AFTER THEY WERE
> FILED?
>
> FOR INSTANCE, DID THE ORPHANS' COURT COMMIT AN
> ERROR OF LAW AND/OR ABUSE OF DISCRETION BY
> APPROVING AN ACCOUNT THAT CONTAINED PAYMENTS TO
> AN ARCHITECT AND ENGINEER, CHILTON DESIGNS, LLC
> AND MICHAEL J. SIGGINS, FOR SERVICES THAT WERE SO
> SUBSTANDARD THAT [APPELLANTS] HAD TO HAVE THE
> SERVICES OF A NEW SET OF PROFESSIONALS OBTAINED
> AND APPROVED BY THIS COURT FOR A RESIDENCE TO BE
> OWNED BY THE TRUST AND WHICH HAS AND WILL COST
> THE TRUST A SUBSTANTIAL AMOUNT?

(Appellants' Brief at 5-6).

In their issues combined, Appellants argue Appellee's letter accompanying its accounting failed to include the date and time of the audit of Appellee's first and final account. Appellants claim Appellee also failed to provide written notice of the audit date and time, when Appellants' counsel specifically requested that information. Appellants aver the Orphans' court incorrectly relied upon the "mailbox rule" codified in Orphans' Court Rule 2.5(f) to decide that Appellee provided Appellants proper notice of the account filing and audit. Appellants maintain the audit calendar did not serve to put them on written notice of the audit date of Appellee's account, or substitute for the required written notice from Appellee of the account and audit, or relieve Appellee of its obligation to comply with Orphans' Court Rule 2.5(d). Appellants submit Appellee's failure to comply with the notice requirements in Orphans' Court Rule 2.5 precluded Appellants from raising objections to Appellee's account and deprived Appellants of an opportunity to challenge the account in a hearing on the record. Appellants conclude this Court should reverse the Orphans' court's order confirming Appellee's account and remand for further proceedings on Appellants' objections to Appellee's account. We agree relief is due.

Initially, we observe:

> Our standard of review of the findings of an [O]rphans' court is deferential.
>
> When reviewing a decree entered by the Orphans' [c]ourt, this Court must determine whether the record is free from legal error and the court's factual findings

- 4 -

are supported by the evidence. Because the Orphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions.

[T]he Orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

*In re Estate of Whitley*, 50 A.3d 203, 206-07 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (internal citations and quotation marks omitted). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." *Silver v. Pinskey*, 981 A.2d 284, 291 (Pa.Super. 2009) (*en banc*) (quoting *Mencer v. Ruch*, 928 A.2d 294, 297 (Pa.Super. 2007)). "Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record." *In re Estate of Karschner*, 919 A.2d 252, 256 (Pa.Super. 2007) (quoting *In re Estate of Westin*, 874 A.2d 139, 142 (Pa.Super. 2005)).

The Probate, Estates and Fiduciaries ("PEF") Code provides in relevant part that the court at any time can direct a personal representative to file an account of administration. 20 Pa.C.S.A. § 3501.1. The PEF Code requires the person or entity filing the account to give notice to all persons entitled to

notice.  20 Pa.C.S.A. § 3501.2.  Section 3503 states in pertinent part as follows:

**§ 3503.  Notice to parties in interest**

The personal representative **shall give written notice of the filing of his account and of its call for audit or confirmation** to every person known to the personal representative to have or assert an interest in the estate as beneficiary, heir, next of kin or claimant, unless the interest of such person has been satisfied or unless such person fails to respond to a demand under section 3532(b.1) (relating to at risk of personal representative).

20 Pa.C.S.A. § 3503 (emphasis added).  The rules governing court procedure in the Orphans' Court provide in relevant part:

**Rule 1.2.  Construction and Application of Rules**

(a) The Rules adopted by the Supreme Court regulating the practice and procedure of the Orphans' Court Divisions of this Commonwealth and the local rules adopted by such courts shall be liberally construed to secure the just, timely and efficient determination of every action or proceeding to which they are applicable.  The court at every stage of any action or proceeding may disregard any error or defect of procedure that **does not affect the substantive rights of the parties in interest.**

\*     \*     \*

Pa.O.C. Rule 1.2(a) (emphasis added).  Rule 2.5 addresses an accountant's duty to provide notice of filing an account, in pertinent part, as follows:

**Rule 2.5.  Notice of Account Filing**

(a) No Account shall be confirmed or statement of proposed distribution approved unless the accountant has given written notice of the filing of the Account as provided in subparagraph (d) of this Rule to the following, as applicable:

\*    \*    \*

(3) any other individual or entity known to the accountant to have or claim an interest in the estate or trust as a beneficiary, heir, or next of kin, except for those legatees or claimants whose legacies or claims have been satisfied in full as reflected in the Account or will be satisfied in full as proposed in the petition for adjudication/statement of proposed distribution; and

\*    \*    \*

(d) Written notice, as provided in subparagraph (a) of this Rule, shall be mailed at least 20 days prior to the audit in those counties having a separate Orphans' Court Division or 20 days prior to the date by which objections must be filed in all other counties, and **the written notice shall state the date of the audit or the date by which objections must be filed, and the time and place of the audit, if one is to be held, to the extent then known. If an audit is to be held and the time and place of the audit is not known at the time the notice is mailed, the notice shall state that the time and place of the audit will be provided upon request.** A copy of the Account, petition for adjudication/statement of proposed distribution, and any legal paper filed therewith shall be sent with the notice, unless the recipient of the notice is a trust beneficiary who is not a "qualified beneficiary" as defined in 20 Pa.C.S.[A]. § 7703, or unless the court orders otherwise in a particular matter.

\*    \*    \*

(f) All notices and additional notices shall be sent by first-class United States mail, postage prepaid. Service by mail is complete upon mailing.

\*    \*    \*

Pa.O.C. Rule 2.5(a)(3), (d), (f) (emphasis added). In other words, an accounting party must provide interested individuals written notice of its filing of an account in the Orphans' court. 20 Pa.C.S.A. § 3503; Pa.O.C. Rule

2.5(a)(3), (d). The accountant also bears the burden to provide interested parties with written notice of (i) the date by which objections to its account are due and (ii) the time and place the court will conduct an audit of the account. *Id.* Where the accountant is unaware, at the time it files its account, of the time and place the court will hold an audit, the accountant must state in the written notice that the accountant will provide the time and place of the audit upon future request. Pa.O.C. Rule 2.5(a)(3), (d). A fundamental legal doctrine applicable in this context is: "[P]ersons having property rights cannot be deprived of them by judicial proceedings of which they were not notified and in which they were not given an opportunity to be heard." *In re Galli's Estate*, 340 Pa. 561, 572, 17 A.2d 899, 904 (1941). If the accountant fails to comply with the notice requirements and affects the substantive rights of the uninformed party, the error cannot be disregarded and the court's confirmation of the account cannot stand. Pa.O.C. Rules 2.1, 2.5; *In re Galli's Estate, supra*.

Instantly, Appellants are the parents of L.G., a permanently disabled minor child and beneficiary of the Trust. Appellee served as trustee of the Trust from September 26, 2012, to April 21, 2017. In March 2018, the Orphans' court ordered Appellee to file an account of its administration of the Trust, and Appellee filed an account on May 31, 2018. Appellee filed contemporaneously with its account a copy of a May 30, 2018 notice letter addressed to Appellants that read, in part: "The audit of the Account will be

held on a date to be determined at 201 West Market Street, West Chester, PA, 19380." (**See** Account Notice Letter, dated 5/30/18; R.R. at 381a-382a.) The letter stated the due date for filing any objections was on or before the audit date, but the letter did not state that Appellee would provide the date of the audit upon request. **See** Pa.O.C. Rule 2.5(d). Appellee does not dispute that Appellants' counsel requested notice of the date scheduled for the audit or that Appellee gave no date. Appellants filed no objections to the account. The Orphans' court audited Appellee's account on August 1, 2018, entered a decree of distribution on August 2, 2018, and subsequently confirmed Appellee's account on August 13, 2018.

Appellee characterizes its failure to provide the date as a "minor omission" that did not prejudice Appellants or prevent them from filing timely objections. In essence, Appellee offers a "constructive notice" defense to its failure to comply with the relevant procedural rules. Nevertheless, Rule 2.5(d) requires actual written notice of the time and place of the audit. Appellee's error affected the substantive rights of Appellants, which the law will not disregard. Thus, the court's confirmation of Appellee's account as entered, without proper notice of the audit to Appellants, cannot stand. Pa.O.C. Rules 2.1, 2.5; **In re Galli's Estate, supra**.

Based upon the foregoing, we conclude Appellee failed to provide compliant notice per Pa.O.C. Rule 2.5(d). Therefore, the Orphans' court erred when it confirmed Appellee's account. Accordingly, we vacate the order

confirming Appellee's account and remand for Appellee to provide Appellants with actual written notice of the time and place of a new audit and the filing deadline for Appellants' objections. **See Estate of Whitley, supra**. The Orphans' court shall then conduct a new audit of Appellee's account, where Appellants shall have the opportunity to attend and argue their objections to Appellee's account. Due to our disposition, we decline to address Appellants' other claims on appeal. Additionally, nothing in our disposition of this appeal resolves any substantive claims regarding Appellee's account.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judge Ott joins this memorandum.

Judge Lazarus files a concurring statement in which Judge Ott joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/19