J-A05024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT A. WIEDENHOFT AND GINA WIEDENHOFT, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CHIEF EXPLORATION & DEVELOPMENT, LLC, WESTERN LAND SERVICES, INC., AND CHRISTINE D. SHEELER | : | |
| | : | No. 910 WDA 2019 |

Appeal from the Order Entered May 16, 2019
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  414 Civil 2010

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.*

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 8, 2020**

Robert and Roberta Wiedenhoft (collectively "the Wiedenhofts") appeal from the May 16, 2019 order[1] dismissing the action and finalizing the August 14, 2017 order that entered summary judgment in favor of Chief Exploration and Development, LLC ("Chief").  We affirm.

The Wiedenhofts own approximately 400 acres of land in Somerset County, Pennsylvania.  In late 2007, they received a letter from Western Land Services ("Western") about negotiating a lease for rights to the property's oil

---

[1] The order is dated May 15, 2016, but the docket notation of Pa.R.C.P. 236(b) notice was made on May 16, 2017.  Therefore, the date of the order for purposes of this appeal is May 16, 2017.  **See** Pa.R.A.P. 108(b) (providing that the date of entry of an order is the day on which the clerk makes the notation in the docket that Rule 236(b) notice was given).  We have amended the caption accordingly.

* Retired Senior Judge assigned to the Superior Court.

and gas. Thereafter, Western's "landman" Mike Seroczynski contacted the Wiedenhofts, presented them with brochures from Chief, and indicated that he was authorized to negotiate a lease, with the understanding that Chief had to approve any negotiated terms. Mr. Seroczynski ultimately induced the Wiedenhofts to sign some blank leases with the promise that a custom addendum drafted by the Wiedenhofts' attorney would be included after Chief gave its approval.

In April 2008, the Wiedenhofts were surprised to receive checks payable to them from Chief and to discover that a backdated lease that had been notarized outside of their presence had been recorded. When they failed to get answers from Western and Mr. Seroczynski, Mr. Wiedenhoft contacted Chief. However, Chief took the position that the lease obtained through Western, its brokerage firm, was valid.

The Wiedenhofts initiated the instant action against Chief and Western by *praecipe* filed May 5, 2010.[2] Several rounds of pleadings resulted in the filing of the Wiedenhofts' second amended complaint on May 4, 2015. Therein, the Wiedenhofts stated intentional tort and equity claims against Chief and Western based upon the alleged misrepresentations and fraudulent acts of Mr. Seroczynski.

---

[2] Another defendant not relevant to the instant appeal was also named.

Chief moved for summary judgment arguing, *inter alia*, that the Wiedenhofts' tort claims against it based upon Mr. Seroczynski's actions failed because there was no viable agency theory to render Chief vicariously liable for his misconduct. The Wiedenhofts responded, contending that there was a genuine issue of material fact about Mr. Seroczynski's relationship with Chief. Specifically, they pointed to Mr. Wiedenhoft's deposition testimony that Mr. Seroczynski "took actions that would lead to the belief that he was acting under the control of [Chief]." Brief in Opposition to Chief's Motion for Summary Judgment, 12/12/16, at 13. In support of their agency theory, the Wiedenhofts cited both the fact that the recorded lease listed Chief as the lessee, and Mr. Seroczynski's representation that any terms he negotiated on behalf of Chief "needed to be reviewed by 'Chief's people.'" **Id**. at 14.

The trial court granted Chief's motion as to claims asserting Chief's vicarious liability for Mr. Seroczynski's conduct "based upon the lack of a master-servant relationship." Memorandum Order, 8/15/17, at ¶ 2.[3] In particular, the court held that the Wiedenhofts had "supplied no direct or circumstantial evidence of Chief's control of [Mr.] Seroczynski's activities other than his supplying a Chief brochure and confirming that Chief would have to approve the terms of any ultimate lease. This scant evidence would leave the

---

[3] The court concluded that the unjust enrichment claim failed on different bases. The Wiedenhofts do not challenge the dismissal of their equity claim on appeal.

- 3 -

issue of vicarious liability as a matter of speculation for the jury." **Id**. Accordingly, the trial court entered summary judgment in favor of Chief on all of the Wiedenhofts' causes of action.

The Wiedenhofts filed a premature appeal that was quashed by this Court *sua sponte*. The trial court entered an order on May 16, 2019, which ultimately resolved the Wiedenhofts' outstanding claims and rendered final the order granting Chief's motion for summary judgment. The Wiedenhofts filed a timely notice of appeal,[4] and both they and the trial court complied with Pa.R.A.P. 1925.

_____

[4] The Wiedenhofts faxed and mailed their notice of appeal to the prothonotary on June 14, 2019, with the faxed copy time-stamped and docketed that day, and the mailed copy received and docketed on June 17, 2019. Chief argues that we should quash this appeal as untimely because filing of papers via facsimile transmission is prohibited. **See** Chief's brief at 20 (citing **In re Estate of Karschner**, 919 A.2d 252, 254 (Pa.Super. 2007)). It is not at all clear that the faxed notice of appeal was improper. **See Karschner**, **supra** at 257 (McCaffery, J. concurring in the result; Ford Elliott, P.J. concurring in part and dissenting as to the invalidity of the appeal by facsimile). **See also Commonwealth v. Davis**, 188 A.3d 454, 458 n.2 (Pa.Super. 2018) ("When a court is faced with a plurality opinion, usually only the result carries precedential weight; the reasoning does not.") (internal quotation marks omitted)). In any event, as noted above, although the trial court's order is dated May 15, 2019, notation of service on the docket was not made until the following day. As a result, the thirty-day appeal period began to run on May 16, 2019. **See Ignelzi v. Ogg, Cordes, Murphy & Ignelzi, LLP**, 160 A.3d 805, 810 n.6 (Pa.Super. 2017). Therefore, the appeal period did not end on June 14, 2019, as Chief contends, but on Saturday, June 15, 2019. Consequently, the Wiedenhofts' mailed notice of appeal was timely filed on Monday, June 17, 2019. **See** 1 Pa.C.S. § 1908 (providing that when the last day of a statutory time period falls on a weekend or holiday, those days are omitted from the time computation).

The Wiedenhofts present the following question for this Court's consideration: "Did the trial court err as a matter of law in holding on summary judgment that there was insufficient evidence so as to require the jury to speculate as to whether vicarious liability existed as a result of an agency/servant relationship?" Wiedenhofts' brief at 3.

We begin with the applicable law.

> An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. Because the issue here, namely whether there are genuine issues of material fact, is a question of law, our standard of review is *de novo* and our scope of review is plenary.

***In re Risperdal Litig.***, 223 A.3d 633, 639 (Pa. 2019) (cleaned up).

On the question of Chief's vicarious liability for the conduct of Mr. Seroczynski, the following principles apply.

> In the context of vicarious liability, a principal is liable to third parties for the frauds, deceits, concealments, misrepresentations, torts, negligent acts and other malfeasances of his agent, even though the principal did not authorize, justify, participate in or know of such conduct or even if he forbade the acts or disapproved of them, as long as they occurred within the agent's scope of employment.

***Travelers Cas. & Sur. Co. v. Castegnaro***, 772 A.2d 456, 460 (Pa. 2001).

Not all agents are deemed "employees" or "servants." Rather, "[a] principal and agent can be in the relationship of a master and servant, or simply in the status of two independent contractors." ***Myszkowski v. Penn Stroud Hotel, Inc.***, 634 A.2d 622, 625 (Pa.Super. 1993) (internal quotation marks omitted). "If a particular agent is not a servant, the principal is not considered a master who may be held vicariously liable for the negligent acts of the agent." ***Id***. (internal quotation marks omitted).

> The hallmark of an employee-employer relationship is that the employer not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished; the hallmark of an independent contractee-contractor relationship is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result.

***Id***. at 626 (internal quotation marks omitted).

Our Supreme Court has provided a list of the factors relevant to whether an agent is an employee:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

***Valles v. Albert Einstein Med. Ctr.***, 805 A.2d 1232, 1237-38 (Pa. 2002) (internal quotation marks omitted).

In arguing that the trial court erred in failing to find a jury question as to whether there a master-servant relationship between Mr. Seroczynski and Chief, the Wiedenhofts point to no evidence that sheds light on any of the

relevant factors. Rather, they cite only the deposition testimony of Mr. Wiedenhoft concerning his interactions with Mr. Seroczynski as evidence that he caused the Wiedenhofts to believe that he was Chief's agent. *See* Wiedenhofts' brief at 12 ("[Mr.] Seroczynski took specific actions that lead [sic] Mr. Wiedenhoft to believe that he was acting under Chief's control.").

However, such principles of **ostensible** agency have only been applied in Pennsylvania to impose liability upon one who utilizes the services of an independent contractor for **personal injuries** caused by the **negligence** of the independent contractor. *See*, *e.g.*, *Green v. Pennsylvania Hosp.*, 123 A.3d 310, 317 (Pa. 2015) (noting that Pennsylvania courts adopted the ostensible agency principles outlined in the Restatement (Second) of Torts § 429[5] to provide that a hospital may be liable for injuries caused by the negligence of an independent contractor doctor); *Ostrowski v. Crawford Door Sales Co. of Scranton, Pa.*, 217 A.2d 758, 763 (Pa.Super. 1966) (concluding § 429 served to impose liability upon door sales company for personal injuries caused by negligently installed door although the installer of

---

[5] Section 429 of the Restatement (Second) of Torts provides as follows:

> One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.

the door was an independent contractor). The Wiedenhofts offer no argument or authority to suggest that ostensible agency principles may be utilized to impose liability on Chief for their **economic damages** caused by the **intentional torts** of an independent contractor. Accordingly, the evidence of their belief that Mr. Seroczynski was Chief's agent is of no import. Chief may be vicariously liable under the controlling law only if its relationship with Mr. Seroczynski was that of master and servant.

Upon the filing of Chief's motion for summary judgment, the Wiedenhofts had the obligation to come forth with evidence to create an issue of material fact as to whether Chief controlled the manner in which Mr. Seroczynski performed his work to such an extent that it was an employer-employee relationship. ***See Murphy v. Duquesne Univ. of The Holy Ghost***, 777 A.2d 418, 429 (Pa. 2001) ("Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." (cleaned up)). However, the Wiedenhofts direct this court to no evidence of record that would allow a fact finder to make that finding. Accordingly, they have given this Court no basis to reverse the trial court's order granting Chief's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/8/2020</u>