J-A04016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF CATHERINE PERKINS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: FRANKLIN RUSSELL PERKINS | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1466 EDA 2021 |

Appeal from the Order Entered June 30, 2021
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  201900894DE

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 29, 2022**

Appellant Franklin Russell Perkins appeals from the decree and order sustaining the preliminary objections of Appellee Angela Perkins to his amended petition to quiet title and strike deed.  We affirm.

The trial court summarized the facts and procedural history of this matter as follows:

> On January 7, 1981, Catherine E. Perkins (hereinafter "Decedent") died intestate without a spouse.  Decedent was survived by six (6) children: Gloria Perkins; Mary Perkins; Norman Perkins, Jr.; Norma Perkins; John Perkins; and [Appellant].  Decedent was predeceased by one child, Charles Perkins, who was survived by two issue: Tracy and Tony Perkins.  At the time of her death, Decedent was the sole owner of 647 S. 55th Street, Philadelphia, PA 19143 (hereinafter "the Property").
>
> On March 9, 1981, Letters of Administration were granted to Norman Perkins Jr. by the Register of Wills of Philadelphia County. The Petition for Letters identified Norman Perkins Jr. and Norma Perkins as Decedent's only heirs.  On January 18, 1992, Norma Perkins passed away leaving her son Robert Perkins as her sole heir.

By deed dated May 23, 2000, Norman Perkins Jr., as Administrator of Decedent's Estate, and Robert Perkins, as sole heir of Norma Perkins, conveyed the Property to [Appellee] for the sum of $45,000.00. The Deed was recorded at the City of Philadelphia Department of records on August 24, 2000 [(the Deed)].

On July 23, 2019, Appellant filed a Petition for Citation directed to Appellee to show cause why the Deed should not be stricken, and why the court should not enter an order of ejectment removing Appellee from the Property. Preliminary objections to the Petition were sustained in part by decree dated October 1, 2020, and Appellant was ordered to refile the Petition in conformity with the rules of Orphans' Court.[FN1]

> [FN1] Preliminary objections to Appellant's failure to list the names of all interested parties as required by Pa.O.C. Rule 3.4(a)(5) and failure to include a proper verification were sustained, while the preliminary objection as to service of the Petition was overruled.

On November 7, 2020, Appellant filed an Amended Petition to Quiet Title and Strike Deed dated May 23, 2000. On December 1, 2020, Appellee filed preliminary objections to the Amended Petition, claiming that:

1. The Amended Petition is untimely;

2. [Appellant] cannot allege an action to quiet title and ejectment simultaneously;

3. The Petition is legally insufficient to allege an action in ejectment;

4. Norman Perkins Jr. as Administrator of the Estate had the absolute right to convey the Premises; and

5. The Statute of limitations [had] expired.

On December 9, 2020, Appellant filed an answer to the preliminary objections arguing that the court should accept his petition as timely filed, that there is no claim for Ejectment, that Norman Perkins Jr. did not have the absolute right to convey the Property, and that fraudulent concealment tolled the time for an appeal from the Register of Wills to be taken.

On April 28, 2021, oral argument on the preliminary objections was conducted at which time Appellee withdrew the preliminary

objections concerning ejectment as Appellant had not alleged ejectment in his Amended Petition.

On June 30, 2021, the court entered an order sustaining Appellee's first and fourth preliminary objections, that the Amended Petition was untimely, and that Norman Perkins Jr., as Administrator of the Estate, had the absolute right to convey the premises. Appellee's fifth preliminary objection, that the statute of limitations had expired, was overruled.

Orphans' Ct. Op., 9/13/21, at 1-3 (some formatting altered).

Appellant timely filed an appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issues for review:

1. Did the trial court abuse its discretion and commit an error of law in sustaining Appellee Angela Perkins' preliminary objection that Appellant's amended petition was untimely filed where Appellee's substantive rights were not affected as a result of said filing?

2. Did the trial court abuse its discretion and commit an error of law in sustaining Appellee Angela Perkins' preliminary objection in the nature of a demurrer that [the] administrator of the Estate of [Decedent], had the absolute right to convey the subject property, which could not be impeached where Mr. Perkins committed fraud upon the Register of Wills in becoming appointed as administrator, and failed to act in good faith when he sold the premises.

Appellant's Brief at 8 (formatting altered).

In reviewing an order from the [o]rphans' [c]ourt, our standard is narrow: we will not reverse unless there is a clear error of law or an abuse of discretion. Our scope of review is also limited: we determine only whether the court's findings are based on competent and credible evidence of record.

- 3 -

*In re Estate of Karschner*, 919 A.2d 252, 255-56 (Pa. Super. 2007) (citation omitted).

**Timeliness**

The Orphans' Court Rules provide that the rules "shall be liberally construed to secure the just, timely and efficient determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding **may** disregard any error or defect of procedure that does not affect the substantive rights of the parties in interest." Pa.O.C.R. 1.2(a) (emphasis added). Subsequent to the disposition of preliminary objections filed in orphans' court, "[i]f the filing of an amended petition or a new petition is allowed or required, it **shall** be filed within 20 days after entry of the order concerning such amended or new petition or within such other time as the court shall direct." Pa.O.C.R. 3.9(e)(2) (emphasis added).[1]

In Appellant's first issue, he argues that the orphans' court erred by dismissing his petition as untimely, where Appellee's substantive rights were not affected. Appellant's Brief at 16. In support of his argument Appellant cites *In re Chiara's Estate*, 359 A.2d 756, 760 (Pa. 1979), and contends that it is reversible error for a court "to not disregard a parties' [*sic*] failure to

---

[1] In Pennsylvania, the word "shall" is understood to be unambiguous. ***See***, *e.g.*, *In re Canvass of Absentee Ballots of November 4, 2003 General Election*, 843 A.2d 1223, 1231-32 (Pa. 2004) (stating that while "some contexts may leave the precise meaning of the word 'shall' in doubt, . . . . this Court has repeatedly recognized the unambiguous meaning of the word in most contexts" (citations omitted)).

comply with an Orphans['] Court Rule where the substantive rights of a party has not been affected." Appellant's Brief at 16-17.

At the hearing on the preliminary objections, counsel for Appellant stated:

> But the reason why there was a delay, and I would have my client testify to that, is, as Your Honor heard, there is only one remaining spouse—I'm sorry—one remaining heir of [Decedent]. The others, there [are] about 11 heirs that were children of my client's siblings, and it took them a while to find this information.
>
> . . . . There's 11, and they are all across the various northeast area. And my client doesn't live in this area, if he were to testify. He lives in Oklahoma, I believe. So he had to find all this information to be able to include them because that was one of the requirements here, is that all heirs be served with this . . . . petition.
>
> So there was no prejudice whatsoever to [Appellee], and we think that when there's no effect of substandard [*sic*] rights, then the case law is pretty clear that an individual may be able—the [c]ourt may be able to allow for an untimely petition to proceed.

N.T. H'rg, 4/28/21, at 11-12.

> With regard to Appellant's first issue, the court observed:
>
> On October 1, 2020, the [c]ourt entered a [d]ecree directing Appellant to "refile his Petition to Quiet Title, Strike Deed dated May 23, 2000, and for Ejectment, originally filed July 23, 2019, so that it conforms to the rules of the Orphans' Court." Pursuant to Pa.O.C. Rule 3.9(e)(2), Appellant had twenty days from October 1, 2020, to file an amended petition. Appellant filed his Amended Petition on November 7, 2020, more than twenty days[2] after the October 1, 2020, [o]rder without providing a sufficient explanation for the delay.

---

[2] Appellant's amended petition was filed thirty-nine days after the date of the order.

Orphans' Ct. Op. at 4.

Appellant's reliance on *Chiara's Estate* is unavailing, and the circumstances in that case are distinguishable from the instant matter. In *Chiara's Estate*, the issues on appeal were "whether [assets were] of the decedent's estate, or whether, on the contrary, the money had been given by decedent in her lifetime to her [son]." *Id.*, 359 A.2d at 758. When determining the status of a particular savings certificate, the orphans' court noted that no formal objection had been made, so the proceeds should be distributed in accordance with the schedule proposed by the administrator. *Id.* at 760. The Supreme Court observed that it could not tell

> whether the court did not pass on the question because no formal objection was made or whether the auditing judge overlooked the fact that the proceeds of the certificate were not in fact included in the proposed schedule of distribution, having been repaid by the administrator to [the son] at an earlier time . . . .

*Id.*

Ultimately, our Supreme Court concluded that while the item in question should have been the subject of a formal objection:

> failure to do so should not prove fatal in this case. The trial memorandum presented to the court on [the daughter's] behalf before hearing on the objections and the brief submitted before decision was rendered were in effect, amendments to the formal objections, and should have been so treated by the court.

*Id.* Conversely, in the instant case, the orphans' court addressed the formal objection that was filed in the form of a preliminary objection in its decision. *Cf. id.*

Pursuant to the rules and appropriate case law, the court may construe the rules liberally where it concludes such a construction is appropriate to protect the rights of litigants, but is not required to do so, particularly where other orphans' court rules require the dismissal of untimely petitions. Pa.O.C.R. 1.2(a), 3.9(e); *see also In re Canvass of Absentee Ballots of November 4, 2003 General Election*, 843 A.2d at 1231-32; *cf. In re Chiara's Estate*, 359 A.2d at 760. In the instant case, the orphans' court refused to consider an untimely amended petition, where Appellant offered no reasonable explanation for the delay other than the fact that he lived in Oklahoma and had retained counsel in Pennsylvania since the filing of the first petition. We discern no abuse of discretion and conclude that Appellant and no relief is due. *See Estate of Karschner*, 919 A.2d at 255-56.[3]

Order affirmed.

---

[3] We need not reach Appellant's second issue as our conclusion concerning Appellant's first issue is dispositive of this appeal. However, were we to address the second issue, we would agree with the orphans' court that Appellant did not plead and prove with specificity, his allegations of fraud, or lack of good faith; nor did he establish that the Administrator was unqualified to serve as a personal representative. *See* Orphans' Ct. Op. at 5-6; *see also Lange v. Burd*, 800 A.2d 336, 339 (Pa. Super. 2002); *Kern v. Kern*, 892 A.2d 1, 8 (Pa. Super. 2005); *see also Estate of Karschner*, 919 A.2d at 256 (stating that "[a]llegations must be specific in order to compel the court to conduct a hearing" (citation omitted)); Pa.O.C.R. 3.3(c) (providing that "[a]verments of fraud or mistake shall be averred with particularity"). Thus, because it is "clear and free from doubt that [Appellant] will be unable to prove facts legally sufficient to establish the right to relief[,]" we see no error of law or abuse of discretion in the orphans' court order sustaining Appellee's preliminary objections and striking Appellant's complaint. *See Catanzaro v. Pennell*, 238 A.3d 504, 507-08 (Pa. Super. 2020).

Judge McLaughlin joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022