**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF GEORGE SISAK, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: STEPHEN G. SISAK | : : : : : : : | No. 120 WDA 2022 |

Appeal from the Order Entered December 22, 2021
In the Court of Common Pleas of Erie County Orphans' Court at No(s):
No. 40-2019

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: November 15, 2022**

Stephen G. Sisak appeals from the order denying his motion to compel distribution and surcharge, and granting the petition to amend decree of distribution filed by Schellart H. Joyce ("Administrator"), administrator of the estate of George Sisak ("the Estate"). We affirm.

The pertinent facts, as gleaned from the trial court's opinion and from the certified record are as follows. George Sisak died testate on September 9, 2013. He was survived by his son, Stephen Sisak, and daughter, Suzanne R. Keller, who are each a beneficiary under his Will. Initially, Sisak served as the executor of the Estate, but the orphans' court ultimately removed him in February 2020 due to his inaction. Thereafter, Keller briefly served as executrix before resigning in favor of the current Administrator. Keller subsequently filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts.

In October 2020, the Administrator filed a first and final account, petition for adjudication and statement of proposed distribution ("Account"). Schedule D of the Account listed a debt of $75,000 as: "Suzanne Keller-Payment of Debt by Way of Deduction From Gift Due To the Debtor Beneficiary." As a result of Keller's outstanding debt to the Estate, the Account called for distributions to Keller in the amount of $11,326.34 and to Sisak in the amount of $86,326.35. The orphans' court issued an order in January 2020, confirming the Account. Proper notice was sent to all required parties, including to the bankruptcy trustee from Keller's Massachusetts bankruptcy ("Bankruptcy Trustee"). No objections were filed.

Shortly thereafter, the Administrator sent Sisak a check for $86,326.25. However, the Administrator quickly stopped payment on the check after the Bankruptcy Trustee contacted her to indicate that the distribution would violate the bankruptcy stay. Sisak also agreed not to cash the check. The Administrator reports that at this point she sought advice from a bankruptcy attorney who advised her that she could either engage in litigation in Bankruptcy Court in Massachusetts or pursue the more advantageous course of seeking a settlement with the interested parties. The Administrator chose the latter option and was able to get all parties, including Sisak, to agree to a settlement of $9,000 to satisfy the Bankruptcy Trustee's interest in the Estate.

However, within 10 days, Sisak advised he would not support the settlement agreement. Meanwhile, the Bankruptcy Trustee pursued approval of the agreement in Bankruptcy Court, over Sisak's objection. Ultimately, the

Bankruptcy Court approved the agreement as a fair resolution for the Bankruptcy Trustee. Thereafter, in September 2021, the Administrator paid Sisak a distribution of $77,326.25, which reflected the $9,000 settlement payment to the Bankruptcy Trustee.

Sisak filed the instant petition in October 2021, seeking to compel distribution and for surcharge against the Administrator. The Administrator filed an answer and a petition to amend the Account. After a hearing, the orphans' court denied Sisak's petition but granted the Administrator's request to amend the Account to reflect the $9,000 compromise, as approved by the Bankruptcy Court. Sisak filed the instant timely appeal, and both he and the orphans' court complied with Pa.R.A.P. 1925.

Sisak raises the following issues on appeal:

1. Was it error for the court to allow the Administrator's payment of a claim not listed within the proposed distribution that was approved by the court?

2. Was it error for the court to grant Administrator's Petition to Amend Decree of Distribution, thereby confirming an Account that provides for payment of a claim that was not timely submitted, pursuant to 20 Pa.C.S.A. § 3386?

3. Is surcharge the appropriate remedy where a Personal Representative pays a disputable claim to a claimant that is not set forth in a confirmed Schedule of Distribution and no reference to that claim has been filed and the potential claimant was given proper notice that an account would be confirmed if they did not timely submit a claim?

Sisak's Br. at 6.

Sisak's first two issues are interrelated and therefore we will discuss them in tandem. In his first issue, Sisak contends that the orphans' court erred by not concluding that the Administrator acted improperly by failing to distribute $86,326.25 to him as specified in the court approved Account. He points out that the Bankruptcy Trustee never filed objections to the Account, despite having notice. Thus, according to Sisak, the court abused its discretion by retroactively permitting the Administrator to satisfy a $9,000 claim that the Bankruptcy Trustee never presented to the court as required pursuant to Section 3386 of the Probate, Estates and Fiduciaries Code ("PEF Code").[1]

Second, Sisak argues that the orphans' court erroneously agreed to grant the Administrator's petition to retroactively amend the Account pursuant to 20 Pa.C.S.A. § 3521, which permits the review of court confirmed final accounts under limited circumstances. To this end, Sisak claims that the Bankruptcy Trustee's claim did not constitute a "new matter" that could not have been discovered with due diligence. All parties knew about Keller's bankruptcy in Massachusetts and the Bankruptcy Trustee had notice of the Account. Further, Sisak avers that the court erred by finding that "justice and equity" required review pursuant to Section 3521 of the PEF Code. He

---

[1] 20 Pa.C.S.A. § 3386 states:
> If any claimant whose claim is not reported to the court by the personal representative as an admitted claim shall fail to present it at the call for audit or confirmation, he shall not be entitled to receive any share of the real and personal estate distributed pursuant to such audit or confirmation, whether the estate of the decedent be solvent or insolvent.

maintains that the Administrator failed to plead sufficient facts to support the need for equitable review of the Account and that further review would, in fact, be detrimental to his interests. Sisak also asserts that justice and equity do not require review of the Account because the Administrator and the Bankruptcy Trustee failed to exercise their rights with "due care." Sisak's Br. at 21.

"The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support." *In re Jackson*, 174 A.3d 14, 23 (Pa.Super. 2017) (citation omitted). This Court's "task is to ensure that the record is free from legal error and to determine if the [o]rphans' [c]ourt's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence." *Id*. (citation omitted). Regarding questions of law, this Court's standard of review is *de novo*, and the scope of review is plenary. *In re Fiedler*, 132 A.3d 1010, 1018 (Pa.Super. 2016) (citations and quotation marks omitted).

Sisak challenges the orphans' court's decision to amend the Account. It is well settled that the orphans' court retains broad equitable powers regarding an estate, even after final distributions have been made. *See Horner v. First Pa. Banking & Trust Co.*, 194 A.2d 335, 339 (Pa. 1963) ("powers of the [o]rphans' [c]ourt did not terminate upon final distribution"). Indeed, it is well recognized that orphans' courts have the inherent power to review decrees

and this power should be "liberally exercised." **Estate of Turnbull**, 88 Pa. Super. 482, 494 (1926).

In general, "an "order confirming an account and ordering distribution of an estate becomes final when no appeal is timely filed therefrom." **In re Estate of Karschner**, 919 A.2d 252, 256 (Pa.Super. 2007). Further, "[t]he failure to appeal from a final order renders the doctrine of *res judicata* applicable." **Id.** (citation omitted). However, Section 3521 of the PEF Code provides an exception. It reads:

> If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, That no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report, findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made.

20 Pa.C.S.A. § 3521

Pennsylvania courts have interpreted Section 3521 as permitting review only in three instances: "(1) where there are errors of law appearing on the face of the record; (2) [when] new matters have arisen since the confirmation of the account; or (3) where justice and equity require a review and no person will suffer thereby." **Karschner**, 919 A.2d at 256 (citation omitted). Newly discovered evidence "must have been discovered since the original

adjudication, must be such that it was not previously obtainable by reasonable diligence, and must be likely to have compelled a different result." *Id.*

Moreover, pursuant to Rule 1.2 of the Pennsylvania Supreme Court's Orphans' Court Rules, "[t]he court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest." Pa.O.C. Rule 1.2(a).

In this case, the orphans' court determined that justice and equity required it to amend the Account in light of the bankruptcy considerations at issue in this case. *See Karschner*, 919 A.2d at 256. We discern no abuse of discretion.[2] As the lower court notes, the Administrator found herself in quite a quandary when she discovered that the Bankruptcy Trustee considered Keller's $75,000 debt to the Estate as an asset to be included within Keller's Bankruptcy Estate and thereby subject to the bankruptcy stay. The Administrator's bankruptcy counsel informed her that to fight the debt's designation as the bankruptcy estate's asset would require significant resources. The Administrator therefore worked to secure a compromise, initially with Sisak's agreement, of a $9,000 payment to the Bankruptcy Estate to discharge the Bankruptcy Trustee's claim. This compromise, as approved by the federal Bankruptcy Court, likely saved the Estate, and thereby Sisak, considerable time and resources. Accordingly, the orphans' court acted within

---

[2] Because we have concluded that the orphans' court permissibly determined that review of the Account was indicated, we need not address Sisak's argument that the Bankruptcy Trustee's involvement in the case did not constitute a "new matter." *See Karschner*, 919 A.2d at 256.

its discretion when finding that amendment of the Account was appropriate to reflect the $9,000 compromise payment to the Bankruptcy Trustee and Sisak's adjusted distribution of $77,326.25.

Sisak also asserts that the orphans' court's retroactive approval of the Administrator's actions denied him the opportunity to argue his case. We disagree. Sisak had ample opportunity to present his opposition during the orphans' court's consideration of his instant petition to compel distribution according to the Account and the Administrator's response requesting amendment of the Account pursuant to Section 3521. Thus, the orphans' court's retroactive review did not impinge upon Sisak's substantial rights, and the court's review was not precluded. **See** Pa.O.C.R. 1.2(a). The orphans' court properly exercised its discretion to amend the Account under Section 3521 of the PEF Code. **See Horner**, 194 A.2d at 339; **Turnbull**, 88 Pa.Super. at 494. Sisak's first two issues merit no relief.

In his third issue, Sisak contends that the Administrator should be subject to surcharge due to her action of paying the $9,000 compromised amount to the Bankruptcy Trustee without first obtaining court approval. Sisak claims that a person of ordinary prudence, particularly an attorney, would have sought court approval of the payment before agreeing to and making payment to the Bankruptcy Trustee. Thus, he argues that the Administrator, who is an attorney, should be subject to surcharge for both the $9,000 payment and for Sisak's expenses in regard to this case.

"A surcharge is a penalty imposed to compensate the beneficiaries for loss of estate assets due to the fiduciary's failure to meet his duty of care; however, a surcharge cannot be imposed merely for an error in judgment." *In re Estate of Westin*, 874 A.2d 139, 144 (Pa.Super. 2005) (citation omitted). A finding of negligence is necessary when imposing a surcharge. *Id*. Further, where a fiduciary possesses skills greater than "a person of ordinary prudence, then the fiduciary's standard of care must be judged according to the standard of one having this special skill." *Estate of Pew*, 655 A.2d 521, 542 (Pa.Super. 1994).

Here, the orphans' court found that the Administrator acted in accordance with her fiduciary duties and therefore would not be subject to surcharge. Once again, we discern no error. Although an attorney herself, the Administrator sought counsel from a bankruptcy attorney to ascertain how to best contend with the Bankruptcy Trustee's claim. She then worked diligently to obtain a compromise to avoid considerable expense and delay for the Estate. Hence, we conclude that the orphans' court properly determined that the Administrator aptly executed her fiduciary duties and was not subject to surcharge. *See Westin*, 874 A.2d at 144; *Pew*, 655 A.2d at 542. Therefore, Sisak's third issue is also devoid of merit. Accordingly, we affirm the order denying Sisak's petition to compel distribution and surcharge and granting the Administrator's petition to amend the Account.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2022